## BROWN ET AL. v. GRADY.

AGENCY—SPECIAL AGENT TO SELL REAL ESTATE—UNAUTHORIZED CONTRACT—VALIDITY—REAL ESTATE—IMPROVEMENTS—OCCUPYING CLAIMANTS—RENTS AND PROFITS.

1. One dealing with a special agent with limited authority is bound to know the extent of the agent's authority.
2. An owner of real estate is not bound by a contract for its sale, not ratified by him, made by a special agent in excess of his limited authority.

3. An agent was authorized to sell land for $400 cash and four equal payments for the balance, the contract to provide for deed upon payment of second note, taxes and ditch stock being paid, the ditch stock not being sold and all assessments worked out. The agent's contract, executed in the owner's name, provided for a deed on payment of the first note, and without requiring as a condition the payment of taxes or ditch stock, or working out of assessments. *Held,* that the agent exceeded his authority, and the owner; not having ratified the sale, was not bound.

4. A special agent with limited authority to sell real estate cannot bind the owner by the receipt of money upon a contract which he has no authority to make.

5. The owner's terms of sale of real estate required among other things a first payment of $400 in money. The agent contracted to sell upon unauthorized terms, and reported to the owner the deposit upon such sale of $400 in a bank to be paid over to the owner when his title deeds were returned to the bank with a duly executed bond for deed, and his title was found to be good, *Held,* (1) that the money was not paid to or received by the agent for the owner, but was deposited in bank upon certain conditions; (2) that the transaction between the agent and his purchaser amounted only to an offer by the latter to buy on certain terms.

6. A contract of sale made in excess of a special agent's limited authority does not entitle one in possession of real estate thereunder to the benefits of the occupying claimant's act as to compensation for improvements, in a suit by the owner to recover possession.

7. Where, in a suit by a vendee against one wrongfully in possession, the former shows a legal right to possession from the completion of his purchase, he is entitled to recover rents and profits from that time, though it covered a period before he had received his deed.

[Decided December 7, 1907.]                    (92 Pac., 622.)

Error to the District Court, Big Horn County, Hon. Carroll H. Parmelee, Judge.

Action to recover possession of real estate and rents and profits. The facts are stated in the opinion.

*Stotts & Blume* and *J. P. Arnott,* for plaintiffs in error.

Was the agent's sale valid? A substantial compliance with the instructions, or one which involves no material variation, is sufficient. (Warvelle on Vendors, Sec. 210.) There was a substantial compliance in this case. The agent was authorized to receive the first payment. (Alexander v. Jones, 64 Ia., 207; Tiffany Cont., 210.) The plaintiffs in error, under the contract, were entitled to immediate possession. (29 Ency. L. (2d Ed.), 705; Corning v. Loomis, 111 Mich., 23; Olson v. Minnesota, &c., 89 Minn., 280; Fitch v. Windram, 184 Mass., 68.) It would, therefore, follow that there was a legal entry on the land on March 1st by the plaintiff in error. Part of the purchase money had been paid; improvements were made after possession taken, and there is, in the eyes of the law, under these circumstances a complete sale, a complete title, so far as third parties are concerned. The deed to the defendant in error was not delivered until April, 1905; Brown had been in possession several months. The bond for deed did not confer any rights on defendant in error, (1) because it was not executed until after the sale to Brown, and (2) the bond was not a conveyance. (Stewart v. Fowler, 37 Kan., 677; Mungesser v. Hart (Ia.), 98 N. W., 505; Warvelle on Vendors, Sec. 129; Barr v. Mummert (Neb.), 77 N. W., 676.) Until at least the defendant in error received a deed, she could have protected herself fully under the bond. She did not do so. With knowledge of the rights claimed by Brown, she took the deed. The possession of Brown was constructive notice to her. (23 Ency. L., 498.)

The plaintiff in error is entitled to reimbursement for his improvements. (Longworth v. Wallington, 6 O., 10; Davis v. Powell, 13 O., 308; Preston v. Brown, 35 O. St., 18; Stewart v. Stewart, 90 Wis., 516; Zwietusch v. Watkins, 61 Wis., 620; Trip v. Faussett, 94 Ga., 330; McPhee v. Guthrie, 51 Ga., 83; Nunn v. Burger, 76 Ga., 705; Thomas v. Malcom, 39 Ga., 328; Mettler v. Craft, 39 Ill. App., 193; Glasscock v. Glasscock, 17 Tex., 480; Nourse v. Turnham,

1 Bibb., 62; Smith v. Bell, 91 Ky., 655; Eury v. Merrill, 42 Ill. App., 193; Hawkins v. King, 1 T. B. Mon., 161; Pugh v. Bell, 2 T. B. Mon., 125; Wright v. Wright, 6 Montreal Leg. N., 116; Hentig v. Redden, 41 Pac., 1054 (Kan.); Duke v. Griffith (Utah), 45 Pac., 276; R. S. 1899, Sec. 4111; Shroyer v. Nickell, 55 Mo.; Bacon v. Callender, 6 Mass., 309; Newhall v. Sadler, 17 Mass., 350; Brooks v. Bruyn, 35 Ill., 392; Pende v. Beaky (S. D.), 89 N. W., 655.) Brown went into open and notorious and adverse possession of the premises, as against the defendant in error, and pursuant to his agreement in good faith. The evidence shows that, but it would be presumed, until the contrary is shown, that he acted in good faith. (Seigneuret v. Fahey, 27 Minn., 60; Hilgenburg v. Northup, 134 Ind., 92; Fish v. Blasser, 146 Ind., 186; Bates v. Prickett, 5 Ind., 22; Clay v. Miller, 2 Litt., 279; Stark v. Starr, 1 Sawy., 15; Petit v. Flint (Mich.), 78 N. W., 554.) It was error to allow damages to defendant in error for the time preceding her deed.

*Clark & Riner* and *Charles A. Blake*, for defendant in error. (*John D. Clark, T. Blake Kennedy* and *C. A. Axtell*, of counsel.)

Among equal equities the first to get legal title will prevail, although at the time of getting title there may be notice of the prior equity (in point of time), so if money has been paid, or notes given, this notice will not protect the other party. Jones, the agent, had no authority to sell, but only power to find a purchaser. (Grant v. Ede (Cal.), 24 Pac., 890; Duffy v. Hobson, 40 Cal., 240; Treat v. Decelis, 41 Cal., 202; Armstrong v. Lowe (Cal.), 18 Pac., 758; Armstrong v. Oakley, 62 Pac. (Wash.), 499; 23 Ency. L. (2d Ed.), 901; Hambert v. Gerner (Cal.), 76 Pac., 53; Furst v. Tweed (Ia.), 61 N. W., 857; Berry v. Tweed (Ia.), 61 N. W., 858; Simmons v. Kramer (Va.), 13 S. E., 902; Carstens v. McReavy, 1 Wash., 359.) The burden of proving authority is on the one dealing with an agent.

The agent exceeded what authority he had.  He is required to follow specifically his authority.  (Veeder v. McMurrar (Ia.), 23 N. W., 285; Jackson v. Badger (Minn.), 26 N. W., 908; Matthews v. Soule (Neb.), 11 N. W., 857; De Sollar v. Hanscome, 158 U. S., 216; Philadelphia Co. v. Hardesty, 75 Pac. (Kan.), 1115; Railroad v. Sherwood (Ia.), 17 N. W., 564; Dayton v. Buford, 18 Minn., 111.)

Statutes allowing compensation for improvements to occupying claimants are to be strictly construed.  One must bring himself strictly within the terms of the statute to recover.  (22 Cyc., 13; 15 Cyc., 220; McCoy v. Grandy, 3 O. St., 463; Van Valkinburg v. Ruby, 68 Tex., 139; Hollingsworth v. Funkhouser, 85 Va., 448; Huebschmann v. McHenry, 29 Wis., 655; Lunquest v. Ten Eyck, 40 Ia., 213; King v. Harrington, 18 Mich., 218; Wheeler v. Merryman, 31 Minn., 372; Winthrop v. Huntington, 3 O., 327; Shroll v. Kliner, 15 O., 153.)  The following elements are concurrently necessary to bring a defendant within the terms of the statute:  (1) That he hold under one claiming title by deed duly authenticated and recorded.  (2) That he claim by deed, devise, descent, contract, bond or agreement.  (3) That he claims to own the same.  (4) That he has obtained title.  (5) That the successful claimant held adversely.  (6) That the defendant acted in good faith.  These elements are not present in the case of this defendant.  (Beardsley, 1 O. St., 118; 1 Ency. L. (2d Ed.), 857-9; Kilburn v. Ritchie, 2 Cal., 145; Osterman v. Baldwin, 6 Wall., 116; Seymour v. Cleveland, 9 S. D., 94; Preston v. Brown, 35 O. St., 18; Kerns v. Dean, 77 Cal., 556; 15 Cyc., 229; 22 id., 16-18; Carter v. Brown, 35 Neb., 670; R'd. v. Hardenbronk, 21 Kan., 440; Holmes v. McGee, 64 Miss., 129; Board v. Dansty, 48 Ark., 183; Taylor v. Foster, 22 O. St., 255; Williamson v. Jones, 43 W. Va., 562; 81 Am. St., note, pp. 164-172.)

No improvements were shown.  An improvement is something done which increases the value of the land.  The mere expenditure of labor or money is not legally an im-

provement, and it has frequently been held that evidence of the cost of so-called improvements is not only not conclusive, but is actually irrelevant. The sole and only question is, has the value of the land been increased? And the best criterion, according to innumerable decisions, is whether the rental value has been increased by the improvements claimed. The ordinary cultivation of the land is not an improvement. (Cullop v. Leonard, 97 Va., 256.) The defendant Brown alone claims to have made improvements. The other defendant made no such claim. They both join in the petition in error, and the assignments of error are joint. The question as to compensation for Brown's improvements is not, therefore, properly raised. (Milling Co. v. Price, 4 Wyo., 293; Hogan v. Peterson, 8 Wyo., 564; Gordon v. Little (Neb.), 59 N. W., 783; Ry. Co. v. Hubbard (Ala.), 38 So., 750; Wells v. Parker (Ark.), 68 S. W., 602; Curtis v. Osborne (Neb.), 89 N. W., 420; Poska v. Stearns (Neb.), 84 N. W., 80; Moseman v. State (Neb.), 81 N. W., 853; McIntyre v. R. Co. (Neb.), 77 N. W., 57; Anderson v. Hall (Neb.), 94 N. W., 981; Storm v. Holmes (Neb.), 96 N. W., 73; Johnson v. Winslow (Ind.), 53 N. E., 388; King v. Easton (Ind.), 35 N. E., 181; Earhart v. Creamery (Ind.), 47 N. E., 226; Board of Comm'rs. v. Fraser (Ind.), 49 N. E., 42; Leary v. Richcreek (Ind.), 59 N. E., 35; Sibert v. Copeland (Ind.), 44 N. E., 305; Estep v. Burke, 19 Ind., 87; Rudolph v. Brewer (Ala.), 11 So., 314; Hillens v. Brinsfield (Ala.), 21 So., 208; Markham v. Washburn, 18 N. Y. Supp., 355; Miller v. Adamson (Minn.), 47 N. W., 452; Brachtendorf v. Kehn, 72 Ill. App., 228.)

The plaintiff is entitled to rents and profits from the time her right of possession accrued. (15 Cyc., 211; Anderson v. Rasmussen, 5 Wyo., 44.) The rule in ejectment applies. (Fletcher v. Brown (Neb.), 53 N. W., 577.)

BEARD, JUSTICE.

This action was commenced by the defendant in error against the plaintiffs in error to recover the possession of

certain real estate situated in Big Horn County and for damages for the unlawful detention thereof. She alleged in her petition that she purchased the premises on the 15th day of April, 1905, and ever since that date has been the owner and entitled to the possession of the premises and that the defendants during all of that time have been unlawfully in the possession of the same and have kept her out of possession to her damage in the sum of fifteen hundred dollars. The defendants answered jointly, denying the allegations of the petition, except that they had been during all of the times stated in the petition and were then in possession of the premises; and alleging that on March 1, 1904, the premises were owned by one E. A. Scott and that immediately prior to that date said Scott authorized one Ira E. Jones to sell the premises for the consideration of $2,200, payable as follows: $400 cash and the balance of $1,800 to be divided into four payments due in one, two, three and four years and to bear interest at the rate of ten per cent per annum from date of sale. That on March 1, 1904, Scott, acting by and through his said agent, sold and delivered possession of the premises to the defendant Brown upon the terms above stated, and that Brown paid to said agent the first payment of $400 in cash. That by the terms of said sale it was agreed that Scott would execute and deliver to Brown a contract covering the terms of said sale, agreeing that, upon payment of the deferred payments, Scott would execute and deliver to Brown a good and sufficient warranty deed conveying the premises to Brown free and clear of all encumbrance. That Scott had failed to execute and deliver said contract, and that Brown was ready and willing to perform his part of the agreement. That between March 1, 1904, and the commencement of this action Brown had made valuable and permanent improvements upon the premises in good faith of the value of $843.30, for no part of which he had been reimbursed; and that defendant James had no interest in the premises other than as an employee of Brown. The plaintiff replied de-

nying the new matters pleaded in the answer and alleged that on February 23, 1904, Scott and wife executed a bond for a deed to plaintiff, the terms of which she complied with, and on April 15, 1904, received from Scott and wife a deed to the premises as alleged in her petition. The cause was tried to the court without a jury and judgment rendered in favor of plaintiff and against the defendants for the recovery of possession of the premises and $500 damages, and defendants bring the case here on error.

Three questions have been presented and argued in the briefs of counsel: (1) The authority of the agent, Jones, to bind Scott as he attempted to do; (2) the right of Brown to reimbursement for improvements as an occupying claimant; and (3) the right of Mrs. Grady to rent before receiving a deed to the premises.

To prove the authority of the agent, Jones, the defendants below offered in evidence a letter from Scott to Jones dated February 20, 1904, which is the only evidence of the authority of the agent, and states the terms upon which Scott would sell. The portion of that letter containing the terms and conditions of sale are as follows: "I will sell and take $400 cash if you cannot do any better, or get more cash and divide into four equal payments on balance. Will contract to the effect that I will make deed to the place as soon as the second note is paid and taxes and ditch stock is kept paid up and none of the ditch stock sold to anyone and all assessments worked out. I would want 10 per cent on all deferred payments in any case." The agreement on which Brown relies in this action is as follows:

"Thermopolis, Wyoming, March 1st, 1904.

"This is to certify that we have this day sold to Marion F. Brown the following real estate, to-wit:" (describing it) "for the sum of two thousand two hundred ($2,200.00) dollars, and that we have this day received the sum of four hundred ($400.00) dollars as part payment of the purchase price of said real estate. The balance of eighteen hundred ($1,800.00) dollars to be divided in four (4) equal pay-

ments due in one (1), two (2), three (3) and four (4) years from this date, with interest at the rate of ten (10) per cent per annum, payable annually from this date. A contract is to be entered into providing that upon the payment of the first annual payment of four hundred ($400.00) dollars and interest that a good and sufficient warranty deed is to be made conveying said real estate to the said Marion F. Brown, at which time the said Marion F. Brown is to execute a mortgage covering the said real estate securing the payment of the three (3) deferred payments.

> "E. A. Scott and Mary A. Scott,
> "By Ira E. Jones, their agent."

It is quite apparent that the terms contained in this instrument are not the terms upon which Jones was authorized to sell. It contains no provision for the payment of taxes, keeping the ditch stock paid up or for keeping the assessments worked out by Brown, and provides for a deed from Scott to Brown when the *first* instead of the *second* note is paid—leaving out of consideration the fact that the first annual payment is made by this instrument $400 instead of $450. Upon the face of the instrument Scott was required to deed the land upon the payment of $800 instead of $1,300, as stated in his letter of February 20. Brown was dealing with a special agent with limited authority and he was bound to know the extent of the agent's authority. This principle is too well settled to require the citation of authorities, but see 1 Enc. Law (2d Ed.), 987. We think the agent clearly exceeded his authority in executing the instrument above set out; and this attempted sale not having been ratified by Scott, was invalid and he was not bound thereby.

Counsel for defendants in error place some reliance upon the payment of the $400 by Brown to Jones—the court having found "that the defendant Brown paid to the said Ira E. Jones, agent, on said agreement (being defendants' exhibit 2) the sum of $400.00 at the time of the execution of said contract, on the first day of March, 1904." But this

money never was paid to or received by Scott, and Jones could not bind him by the receipt of money on a contract which he (Jones) had no authority to make. The conditions on which this money was paid to and received by Jones is explained by his letter to Scott, which was admitted in evidence without objection, and the statements therein contained were not denied by Brown. The letter is dated, "First National Bank, Thermopolis, Wyo., March 1st, 1904," and contains the following statement: "The agreement is as follows: The purchase price is $2,250.00; $400.00 is now deposited here to be paid to you when you furnish abstract of title or proof that your title is good, which will be determined when you send into this bank all of the papers you have conveying title, and returning the enclosed bond for a deed duly signed and witnessed, you filling in prior to signing the numbers of the land and date of signing. When the papers are returned as requested, and your title found good, the $400.00 will be paid over and notes executed as per the bond for a deed and forward to you, and on January 1st, 1905, the first note and all accrued interest will be paid and at that time you are to execute a warranty deed and Brown is to secure the remaining three notes with a mortgage deed on the land he gets from you. * * * I trust that my action in this matter is fully satisfactory to you and that you may be able to show that your title is good and that the deal will stand." It is clear, we think, that this money was not paid to or received by Jones as agent for Scott, but was deposited in the bank of which Jones was cashier to be paid only upon the performance by Scott of certain conditions, and that the transaction between Jones and Brown amounted to no more than an offer by Brown to purchase on certain terms, which offer was not accepted by Scott. Brown did not take or hold possession of the premises by virtue of a contract or agreement from and under any person claiming title derived from the public records or otherwise and was not, therefore, entitled to the benefits of the occupying

claimant's act.   The possession of the defendants being
without authority and wrongful, and the evidence being
sufficient to show a legal right to possession in the plaintiff
below from and after the completion of her contract of
purchase, which was about March 24, 1904, she was en-
titled to recover the rents and profits of the premises from
that date, and we find no error in the judgment of the dis-
trict court in that respect, no objection being made that the
judgment is not supported by the pleadings.   The plaintiffs
in error having failed to prove the authority of the agent
to make the contract under which they took possession, the
judgment of the district court was right and accordingly
is affirmed.                                           *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.