## NIKKEL v. CONAWAY.

No. 702.   Opinion Filed November 16, 1910.

VENDOR AND PURCHASER—Failure to Put in Possession—Measure of Damages. In a suit in damages by a vendee against his vendor for the breach of a parol contract to put him in possession of land purchased, the measure of plaintiff's damage is the value of the use of the land for the time the vendor wrongfully withheld possession.

(Syllabus by the Court.)

*Error from Custer County Court; A. H. Latimer, Judge.*

Action by C. W. Conaway against C. J. Nikkel. Judgment for plaintiff, and defendant brings error. Reversed.

*Geo. D. Webster,* for plaintiff in error.
*J. W. Lawter,* for defendant in error.

TURNER, J. In March, 1908, C. W. Conaway, defendant in error, sued C. J. Nikkel, plaintiff in error, before a justice of the peace in Custer county in damages, and in his bill of particulars stated, in substance, that said Nikkel, on November 13, 1907, by warranty deed, conveyed him a certain piece of land in said county subject to the tenancy of one Jacobs, whose term expired January 1st thereafter; that, at the time of the execution and delivery of said deed, defendant in parol obligated himself to put plaintiff in possession of said land after said date but neglected and refused to do so; that, as part payment for said land, plaintiff deeded and gave defendant possession of a certain residence in Weatherford,

and temporarily secured a vacant house in the neighborhood of said land and moved his personal property thereto, which, by reason of defendant's failure to put him in possession at the stipulated time, plaintiff was compelled to move to his farm in Custer county, to his damage $200. After answer filed, there was judgment for plaintiff, and again, on trial anew in the county court, to which the cause was appealed, there was judgment for plaintiff for $50, and cost, and defendant brings the case here.

To maintain the issues on his part, plaintiff, after proving the contract and its breach and that he had been kept out of possession from January 1st to February 1st, 1908, over objection, was permitted to prove as his damage that, owing to defendant's failure to put him in possession, he was compelled to move twice with all his household goods, and the cost incident thereto. This was error and defendant's assignment that the judgment is contrary to law is well taken. Plaintiff's measure of damage was the value of the use of the land during the time possession thereof was wrongfully withheld from him. (*Craggs v. Earls,* 8 Okla. 462.) Or, in other words, the reasonable rental value of the land for that time. (29 Am. & Eng. Enc. Law 705; *Patterson v. Hulings,* 10 Pa. St. 506; *Hibbard v. Smith,* 56 Ky. 53; *Brown et al. v. Grady,* 16 Wyo. 151; *Gilmore v. Hunt's Ad.,* 66 Pa. St. 321; *Parsons v. Lunsford et al.* [Ky.] 55 S. W. 885.) As there was no testimony as to what that was, the judgment of the trial court is reversed and the cause remanded.

All the Justices concur.