## JOHNSTON v. JOHNSON.

No. 13894—Opinion Filed Sept. 16, 1924.

Rehearing Denied Nov. 18, 1924.

1. **Trespass—Land in Possession of Plaintiff Pending Appeal of Litigation of Title—Liability of Defendant for Destruction of Crops.**

Where plaintiff appeals from the judgment of the trial court in an action for title and possession of real estate, and by virtue of a supersedeas bond remains in possession of the land pending appeal and plants and cultivates and grows a crop thereon, such plaintiff may recover damages against the defendant for the destruction of such crop by the unlawful act of the defendant in entering upon said land and taking possession thereof during the pendency of such appeal.

2. **Same—Defense—Void Order of Court as to Possession.**

When the defendant in such case, after appeal perfected and supersedeas bond given and approved, takes possession of such land and crop under an order of the trial court made in said cause and allows the crop to be destroyed, such order of court is void and does not justify the taking of such possession by the defendant, and plaintiffs may recover from such defendant the damages occasioned her by the loss of such crop.

3. **Same—Decision of Appealed Action in Defendant's Favor—Rental Value as Set-off to Damages for Trespass.**

Where a plaintiff takes an appeal from a judgment for possession of real estate in favor of defendant, and continues in possession of the premises until the appeal is determined, and the same results in affirming the judgment of the trial court, the detriment to the defendant for the possession is the reasonable rental value during the pendency of the appeal, and in an action for damages, as stated in the above paragraph, the damages may be offset by such rental value.

4. **Judgment Sustained.**

The record examined, and held sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by Virginia Johnson against E. B. Johnston for trespass and damages. Judgment for plaintiff, and defendant appeals. Affirmed.

Twyford & Smith, for plaintiff in error.

Sigler & Jackson, for defendant in error.

Opinion by THREADGILL, C. In the trial court plaintiffs in error were defendants and defendant in error was plaintiff and they will be referred to herein as they appeared in the trial court. Plaintiff filed her petition January 27, 1919, in bringing suit against the defendants and alleged in substance that she and the defendant Johnston had a lawsuit over the title and possession of the S.W.¼ of S.E.¼ of section 6, T. 1 S., R. 3 W., in Carter county, and the same resulted in a judgment in favor of said Johnston and she took an appeal to the Supreme Court and gave a supersedeas bond to hold possession and stay execution till the cause was heard on appeal; that her appeal was filed in the Supreme Court June 30, 1918, numbered 10125; that she cultivated a crop on said premises during the year 1918, and in September the defendants forcibly took possession of the premises; that is said E. B. Johnston took possession and placed the defendant Tommie Williams in actual possession, who acted for and on behalf of defendant Johnston; that she had a crop of cotton, unpicked, and some corn and cane, all valued at about $500, and the defendants prevented her from gathering the same and allowed stock to enter and destroy the crop, and to her damages in the sum of $500. She further alleges malice and oppression, to cheat and defraud her out of her title to the land, and asks for punitive damages in the sum of $500. A copy of the supersedeas bond for the appeal in the case mentioned was attached to the petition. The bond was in legal form and for $500 and indorsed "approved" by the court clerk on March 11, 1918. The defendants filed separate answers. Williams made general denial and pleaded that, if he took possession of the premises as alleged by plaintiff, it was done under and by virtue of a writ of possession out of the district court.

The same was not malicious, unlawful, or illegal in any respect whatsoever. Johnston made general denial and pleaded ownership as adjudged by the district court of Carter county, and his right of possession

by virtue of said writs, processes, and orders, issued in said action, by the judge of the court, finding and adjudging that he was entitled to the possession of the premises. He especially denied the charge of maliciousness on taking possession while the appeal was pending, and he asks that the present action be stayed till the appeal was passed on by the Supreme Court. Plaintiff filed reply of general denial and pleaded that she was in possession at the time she took the appeal and under her supersedeas bond she had the right to continue in possession until the appeal was passed on; that if the district court made an order dispossessing her, as alleged by the answers of the defendants, such order was void and without any force and effect. She pleaded further that if her present cause for damages should be stayed till the appeal was passed on it would be to her prejudice, and if the appeal was adverse to her the rights of the defendant Johnston would be limited to the rents for the premises and nothing more.

On November 18, 1921, defendant Johnston by leave of court filed amendment to his answer, pleading the decision of the Supreme Court in his favor in the appeal of the plaintiff. The issues were tried to a jury November 29, 1921, and resulted in a verdict and judgment in favor of plaintiff for the sum of $500 and in favor of the defendant for rent in the sum of $105, making a verdict for plaintiff in the net sum of $395, and defendant Johnston appealed, alleging four assignments of error, in substance:

"1. Error of the court in overruling demurrer to plaintiff's evidence. 2. Error in overruling motion of defendant for directed verdict. 3. Error in overruling motion for new trial. 4. Error in overruling motion for judgment non obstante veredicto."

Defendant discusses his assignments under one proposition, that the court erred in holding that the plaintiff had a cause of action for the alleged trespass on this land for the summer or fall of 1918.

1. The plaintiff was in possession prior and at the time judgment was rendered against her in favor of the defendant January 24, 1918, and at the time her supersedeas bond was executed and approved for the appeal from the judgment, March 1, 1918, and it also appears from the record that, after the bond was executed and filed, the district court made an order April 8, 1918, staying execution pending the appeal and the appeal was filed in Supreme Court July 30, 1918. The record is sufficient to

show that the appeal was perfected in time and the bond was in compliance with paragraph 3, section 794, Comp. Stat. 1921. This paragraph reads as follows:

"When it directs the sale or delivery of possession of real property, the undertaking shall be in such sum as may be prescribed by the court or the judge thereof, to the effect that during the possession of such property by the plaintiff in error, he will not commit, or suffer to be committed any waste thereon, and if the judgment be affirmed, he will pay the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession, pursuant to the judgment and all costs. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising from the sale, the undertaking must also provide for the payment of such deficiency."

After the appeal was perfected, including the supersedeas bond, on September 3, 1918, defendant E. B. Johnston obtained an order from the district court rescinding the order of April 8, 1918, placing the plaintiff in possession and declaring the stay bond wholly insufficient and ordering a writ of possession in favor of defendant. Defendant relies upon this order for his right of possession against plaintiff at the time she alleges the trespass was committed. This order was admitted in evidence over the objection of plaintiff. An order made by a judge of the Supreme Court on December 3, 1918, directing that plaintiff have possession pending the appeal was offered in evidence but excluded by the court on the ground that it was made after the trespass. The plaintiff contends that the order of the district court April 8, 1918, was a void order and not competent, and we think this contention must be sustained. Section 794, Comp. Stat. 1921; In re Epley, 10 Okla. 631, 64 Pac. 18; Egbert v. Ry. Co., 50 Okla. 623, 151 Pac. 228; Short v. Cheney, 66 Okla. 258, 168 Pac. 425.

Defendant says this order was not subject to objection on collateral attack, but this court thinks that since it was a void order and made without jurisdiction, it was subject to attack in any proceeding. Lee v. Tonsor et al., 62 Okla. 14, 161 Pac. 804; Roth et al. v. Union Nat. Bank of Bartlesville et al., 58 Okla. 604, 160 Pac. 505; Choi v. Turk, 55 Okla. 499, 154 Pac. 1000.

The defendant was allowed to introduce it, but it is not available as a defense, because there is no authority for it, and it is against both the letter and the spirit of the provisions for appeals.

Defendant further contends that there is no evidence that execution was ever stayed in the case where the plaintiff took her appeal. It is true the record fails to show an order fixing the amount of bond and time for giving same, and the orders, extending time for preparing and serving casemade, do not seem to mention stay of execution, but the bond was given and approved and there was no objection to its sufficiency until after the record was filed in the Supreme Court, and before the record was filed there was no effort on the part of the defendant to take possession of the premises, and under this state of the facts there was no jurisdiction in the district court to set aside the bond and place defendant in possession. We must, therefore, hold that the possession of the defendant was without authority of law and wrongful and defendant is liable for damages, and the court was right in overruling the demurrer to the evidence.

2. After plaintiff rested her case, and the court overruled defendant's demurrer to the evidence, defendant, by leave of court, was permitted to file the following answer and cross-petition:

"Defendant alleges that he owned and was entitled to the possession of the land in question during the year 1918 and that plaintiff was in possession thereof during the said year without right or authority and is therefore liable to defendant for the reasonable rental value thereof for said years and each of them, which defendant alleges to be $300 per year, making $300, wherefore, defendant prays that he have judgment over and against plaintiff in the sum of $300 and the costs."

This amendment put in issue the rental value of the land and testimony was heard and same submitted to the consideration of the jury, and the jury found in favor of plaintiff for damages in the sum of $500, and for defendant, for rental value in the sum of $105, making the verdict of the plaintiff $395, and judgment was rendered accordingly.

This judgment was certainly in conformity to the pleadings and issues, and the court was right in overruling defendant's motion for judgment non obstante veredicto. The judgment of the court as affirmed in case No. 10125, Virginia Johnson v. E. B. Johnston et al., 82 Okla. 259, 200 Pac. 204, held that the defendant E. B. Johnston was the owner and entitled to the possession of the premises, but in the appeal by virtue of the supersedeas bond the plaintiff, Virginia Johnson, had the right to the possession until the appeal was passed on and mandate filed in the trial court, and the defendant

was entitled to the reasonable rental value of the premises during the pendency of the appeal. This was the theory of the plaintiff in the trial of the case and seemed to be acquiesced in by the amended answer claiming rent for 1918, and was observed by the trial court, and the same must be approved by this court. Section 5997, Comp. Stat. 1921; Nikkel v. Conaway, 27 Okla. 405, 112 Pac. 981.

3. We think the court was right in overruling defendant's motion for a new trial. The judgment of the court should be affirmed.

By the Court: It is so ordered.