SMITH v. REINAUER et al.

No. 27020.    Oct. 13, 1936.

Bryan Phillips, for plaintiff in error.

Oris L. Barney, for defendants in error.

CORN, J. This is an appeal from the district court of Caddo county, in an action wherein the plaintiffs, Fred Reinauer and John Reinauer, partners doing business under the style and firm name of Reinauer Bros. Motor Company, a partnership, sued the defendant, W. L. Smith, for a balance due on a promissory note.

The plaintiffs sold the defendant a second-hand automobile for the sum of $410, taking a used car from defendant at $100, and the defendant giving a note in the sum of $310 representing the balance of the purchase price. The defendant made several payments on the note, paying all but $70, for which amount this suit was brought. By way of answer the defendant pleaded failure of consideration, alleging in substance that plaintiffs represented to him that the automobile was in perfect running condition, free from hidden defects, and in fact was a good car; that he executed the note in consideration of said representations, believing them to be true; but that, on the contrary, the automobile was worthless and unfit for use; that he expended $200 trying to repair and put the automobile in working condition, but wholly failed in said purpose for the reason that it was so badly worn that it was beyond repair, and on cross-petition prayed that the plaintiff take nothing by said action, but that the defendant recover damages in the sum of $200.

The cause was tried to a jury, and at the close of the evidence the court sustained plaintiffs' demurrer to the evidence and rendered judgment for plaintiffs as prayed for in their petition. To reverse said ruling and judgment of the court, the defendant brings this appeal.

The plaintiff in error, the defendant below, contends that the evidence he offered at the trial was sufficient in law to entitle him to have the issues passed on by the jury, and that the court erred in sustaining the demurrer to said evidence, and rendering judgment for defendants in error.

It is a well-settled rule of law in this jurisdiction that one who has been defrauded has, upon discovery thereof, a choice of two classes of remedies, to wit, rescission or affirmance, Holcomb & Hoke Mfg. Co. v. Jones, 102 Okla. 175, 228 P. 968, and cases cited therein.

The defendant chose rescission as his remedy, declaring his election of remedies in his answer and cross-petition, and therein tendering restoration of the property.

Section 9500, O. S. 1931, defines the duty of a party attempting rescission of a contract as follows:

"Rescission, when not affected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First, he must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and,

"Second, he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

The facts in the case as disclosed by the record fail to show that the defendant exercised reasonable diligence in the matter of rescinding the contract and restoring or offering to restore the property to the plaintiff as required by the statute. The defendant testified that he discovered the alleged defects in the car within 30 days after he purchased it, the date of purchase being January 7, 1933. However, he made the first payment of $100 on the note on February 15, 1933, which obviously was after the discovery of such defects, and on April 1, 1933, he made a payment of $60, and on April 28, 1933, another payment of $52.50. In May, June, July, and August, 1933, he made a payment of $10 each month, and on October 6, 1933, he paid $10. On April 26, 1933, he wrote plaintiffs a letter in regard to reducing his payments to $10 per month, but made no complaint about the car not being satisfactory. The rescission and offer to restore the property to plaintiff were not made until after plaintiffs' suit was filed, and that was about 18 months after the car was purchased.

The trial court in sustaining the demurrer to the evidence must have concluded that if there was any fraud in the transaction, it was waived or condoned by the defendant. Such a conclusion is justified by the evidence in the case. The rule applicable in determining whether this was a

6

question for the court or for the jury is stated in the syllabus in the case of Holcomb & Hoke Mfg. Co. v. Jones, 102 Okla. 175, 228 P. 968, as follows:

"When a party, by fraud, has been induced to enter into a contract and said contract remains wholly executory when such defrauded party discovers the fraud, a part performance of same thereafter by the defrauded party waives and condones the fraud, and this the court will determine upon admitted facts as a matter of law. But when such contract has already been partly or wholly executed by the defrauded party before his discovery of the fraud, it is a question of fact to be determined by the jury, under proper instructions, whether the acts of the defrauded party thereafter done amount to a waiver or condonation of the fraud. However, where the acts of the defrauded party after the discovery of the fraud in relation to a contract already partly executed are such that the minds of all reasonable men must agree as to his intentions, the determination of that question may be made by the court."

Clearly, under the admitted facts in this case, the defendant waived and condoned the alleged fraud, and there was nothing to go to the jury, and the trial court properly sustained the demurrer to the defendant's evidence. The judgment is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.