**BLAIN et al. v. SPENCER et al.**

No. 26530.   Dec. 15, 1936.

Rehearing Denied March 30, 1937.

Reily & Reily, for plaintiffs in error.

Randall Pitman and Clyde G. Pitman, for defendants in error.

PER CURIAM. Plaintiffs in error sued to recover $1,000 as the unpaid balance of the purchase price of real estate, and to foreclose a vendor's lien under section 10961, O. S. 1931. The trial court sustained a demurrer to their evidence, and that ruling is assigned for reversal.

Plaintiffs alleged and proved, and defendants admitted, that the consideration for the sale was $4,000, of which defendants paid $3,000 in cash and agreed to pay the balance by the conveyance to plaintiffs of an undivided one-half interest in the minerals in a 40-acre tract of land owned by defendants; that defendants represented that title to the 40-acre tract had not been conveyed to them and stood in the name of one F. L. Miller, and, at defendants' suggestion, plaintiffs accepted a mineral deed executed by Miller on November 28, 1928, and filed the deed for record on February 14, 1929, at the time the transaction was closed; that the record title was then vested, not in Miller's name, but in the name of First National Bank of Wanette, and that the bank subsequently transferred the title to defendant J. B. Spencer. They further alleged, but defendants denied, that the representations as to title were made fraudulently, that their mineral deed was invalid, that defendants had refused to convey the mineral interest to them, and that portion of the purchase price of their land represented by the value of the mineral interest was unpaid.

Defendants further alleged that the execution of the deed by Miller was the result of mutual mistake of the parties, and that the mistake was not discovered until the fall of 1931, at which time they offered and were able to remedy the defect in plaintiffs' title, but that their offer was refused by plaintiffs. The action was commenced December 7, 1931.

Under the issues so made, plaintiffs' rights must be measured by rules applicable to them as vendees of the mineral interest, although they bring their action as vendors, for it is obvious that unless they have been released from their obligation to take the mineral interest, and to that extent are entitled to avoid their contract, it cannot be said that the balance of the purchase price of their land is unpaid.

It appeared from plaintiffs' evidence that Miller was president of the First National Bank of Wanette, and that by deed dated March 22, 1926, and recorded August 4, 1926, he conveyed title to the 40-acre tract to the bank. It is not claimed that defendants had actual knowledge of the conveyance. For some reason, not disclosed by the evidence, Miller, as an individual, executed the mineral deed to plaintiffs, and on the same day, as president and on behalf of the bank, as grantor, executed a warranty deed to defendant J. B. Spencer. On that unexplained circumstance plaintiffs base their allegation of fraud.

It further appeared that the 40-acre tract was then subject to an oil and gas lease which provided for payment of an annual rental. Plaintiffs apparently did not notify the lessee of their interest in the minerals, and the rentals were paid to defendants for the years 1929, 1930, and 1931. As such sums were received defendants paid one-half of them to plaintiffs. In August, 1931, plaintiffs learned of the defect in their title and requested defendants to remedy it. Defendants assured them the title was good and that they would do whatever was necessary to perfect the records. Subsequently, defendants received the 1931 rental and paid one-half of it to plaintiffs. Soon thereafter plaintiffs consulted an attorney, refused to accept a mineral deed from defendants, and demanded payment of $1,000 in cash.

Plaintiffs made no effort to show any defect in defendants' title to the 40-acre tract On the contrary, it appears from their evidence that defendants, at the time of the transaction and at the time of trial, were owners of the land, and that their title was good. Plaintiffs have shown nothing more than a defect in their conveyance, arising from the fact that Miller executed the mineral deed individually rather than as president and on behalf of the bank. Neither did plaintiffs prove a refusal of defendants to remedy the defect. To the contrary, their proof is that defendants were willing and able to do so. Clearly, plaintiffs have not shown failure of title to the mineral interest, and they may not recover on that ground.

It is contended that plaintiffs, on the ground of fraud alone, were entitled to re-

scind their agreement, in so far as it obligated them to take the mineral interest. They were not entitled to do so, assuming the existence of fraud, unless they had suffered an injury as a result of the fraud. Sonnesyn v. Akin (N. D.) 104 N. W. 1026. That principle is not disputed, but it is argued that the mineral interest has depreciated in value, and, at the time defendants offered to perfect the title, was worth considerably less than when plaintiffs agreed to take it. We are not cited to any case which sustains the proposition that the decline in market value, and the loss which plaintiffs have thereby sustained, may be attributed to the fraud with which defendants are charged, or that that loss is such an injury as is contemplated by the rule. We therefore seriously doubt the contention that plaintiffs have shown actionable fraud.

But we find it unnecessary to discuss that question, or to determine whether plaintiffs, at the time they discovered the defect in their conveyance and the alleged fraud of defendants, might then have partially rescinded their contract and demanded payment in cash in lieu of the mineral interest. It definitely appears that they did not do so and that they then and subsequently regarded themselves as owners of the mineral interest. They later accepted their portion of the mineral rental, just as they had previously accepted such rentals. They did not rescind or in any manner attempt to rescind the purchase, either for fraud or for failure of title. They requested defendants to remedy the defect in the conveyance, and defendants agreed and were able to do so. We think it is clear that under those circumstances defendants were entitled to a reasonable time thereafter to comply with plaintiffs' request. In Shonsey v. Clayton, 187 N. W. 113, the Nebraska court said:

"A purchaser who, instead of terminating the contract, acquiesces in the attempt of the vendor to perfect his title, waives the right to insist upon strict performance of the contract, at least for the time reasonably necessary to complete the attempt, in contemplation of the parties."

The principle is applicable here.

Plaintiffs rely on Craggs v. Earls, 8 Okla. 462, 58 P. 637, and Rhodes v. Arthur, 19 Okla. 520, 92 P. 244, holding that the vendor of real estate, who accepts other property in exchange therefor, at an agreed value, may recover such value and enforce a vendor's lien in the event the identical property which he contracts to receive is not delivered to him, or in the event the property is worthless, he having been induced to accept it by fraudulent representations of the vendee as to its value. But the plaintiffs have received the identical thing which they agreed to accept, and they do not contend that defendants misrepresented its value.

The judgment of the trial court should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Morgan Eddleman and Lynn Adams in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Eddleman and Mr. Adams, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.