## COMMERCIAL FINANCE CO. v. PATTERSON.

No. 28146.   March 29, 1938.

W. M. Taylor, for plaintiff in error.

Walter Mathews, for defendant in error.

DAVISON, J. The Commercial Finance Company, as plaintiff, commenced this action in replevin in the justice of the peace court to recover possession of a certain described oil-less air compressor, or its value, from the defendant, Mrs. G. R. Patterson.

In plaintiff's bill of particulars, it was alleged that the plaintiff had acquired its interest and ownership in the property by purchase, in due course, for value and before maturity, from the Bayers Manufacturing Company, the note of defendant and the conditional sales contract covering said machine. It was further alleged that defendant owed a balance of $61.25 on the note and was in default of payment. The plaintiff asked for judgment for possession of the property and for a judgment for a reasonable attorney fee and for costs.

By the terms of the sales contract the title to the property did not pass to the purchaser until the purchase price was paid in full, and default in payment gave the seller or his assignee right to possession of the property and all payments made were to be considered as payment for the use of the machine, wear and depreciation of same.

The plaintiff having made the required bond, the property was turned over to the plaintiff and no redelivery of same asked for by defendant.

The defendant answered admitting the signing of the contract, but for counterclaim against the plaintiff alleges that the machine was defective in failing to compress air by permitting leakage, thus causing the motor to run continuously and causing unnecessary electricity bills. It was further alleged that defendant had requested the plaintiff and its assignor to repair the machine, but they had failed to do so; that she had paid on the machine the sum of $58.75, and that by reason of the defect in said machine, is entitled to recover back said sum, together with attorney fees in the sum of $15, and prayed for judgment for same.

The plaintiff recovered judgment in the justice of the peace court for the possession of the machine and costs. The defendant appealed to the district court, where the cause was tried to a jury which returned a verdict in favor of the defendant and fixed the amount of her recovery in the sum of $58.75, and from which verdict and judgment the plaintiff has appealed.

The testimony shows that the defendant had made complaint to Bayers Company, which sold her the machine, and that they referred her to the Commercial Finance Company, which owned the note and sales contract. The defendant failed to make further payments on the machine and refused to give possession. Defendant made no attempt to rescind the purchase contract under the provisions of sections 9498 and 9500, O. S. 1931. Neither did she ask damages for breach of warranty of quality or fitness under the provisions of sections 9976 and 9977, O. S. 1931.

It is contended by the defendant that she had a right to return the machine to the vendor and recover what she had paid on it. If that were conceded to be true, there was no attempt on part of the defendant to return the machine, but instead, she refused to surrender same, and after the plaintiff had obtained possession of the machine by replevin, defendant pleads offset for all payments made on the machine and for attorney's fee.

The duty of a party attempting to rescind

a contract is provided by section 9500, O. S. 1931, as follows:

"Rescission, when not affected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First: He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and,

"Second: He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

Damages for breach of warranty of quality and fitness of personal property purchased are governed by sections 9976 and 9977, O. S. 1931. Section 9976 provides:

"The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

Section 9977 provides:

"The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose, is deemed to be that which is defined in the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

In Binkley v. Ball, 127 Okla. 197, 260 P. 1, this court held:

"In an action on a promissory note, given as part payment for a tank to be used in the installation of a farm waterworks system, the maker of the note may defend on the grounds of breach of warranty as to its fitness to answer the purpose for which it was intended, and the maker of the note may recover on cross-petition the amount of damages sustained by reason of such breach.

"The measure of damages sustained by reason of such breach of warranty as to unfitness of a water tank to answer a certain purpose is the difference between the value of the same as warranted to be and its actual value."

The plaintiff contends that the judgment is not sustained by the evidence. The defendant filed her counterclaim for damages for breach of warranty of quality and fitness of the machine purchased, but introduced no evidence whatever in support of recovery of a lawful measure of damages as defined by sections 9976 and 9977, supra.

The court instructed the jury that if they found that the machine was not suitable to perform the ordinary work for which it was manufactured and sold, they should find the issues in favor of the defendant and fix and assess the amount of recovery at such sum and amount as defendant had paid on the machine, and verdict and judgment was rendered for the amount the defendant had paid thereon.

The plaintiff obtained possession of the machine under the replevin bond executed when suit was instituted. The judgment of the justice of the peace court was in favor of the plaintiff and adjudged the plaintiff's right to the possession of the machine under the sales contract and balance shown to be due thereunder. The judgment of the justice of the peace court being reversed by the judgment of the district court, such judgment automatically reversed the plaintiff's right to hold the machine under the sales contract for the balance due thereon. The court gave no instruction to the jury relative to determining the right of the plaintiff to hold the property and made no finding in the journal entry and judgment determining the plaintiff's rights thereunder.

We think the court committed error in its instruction to the jury on the measure of damages on breach of quality and warranty of the property. There was no testimony as to the value of the property as warranted to be and its actual value, nor as to loss incurred in attempting to use the machine. There being neither evidence nor instructions for determining the proper damages, the real questions involving the breach of contract were never properly presented and determined. Neither was the right of the plaintiff to hold the property determined.

For the reasons stated, the judgment is reversed and the cause remanded, with instructions to grant a new trial and proceed in accordance with the views expressed herein.

Judgment reversed.

BAYLESS, V. C. J., and RILEY, GIBSON, and HURST, JJ., concur.