Sarah SITLINGTON and Thomas O. Sitlington, Appellants,

v.

Robert FULTON and Ruby May Fulton, Appellees.

No. 6217.

United States Court of Appeals Tenth Circuit.

June 13, 1960.

Phil E. Daugherty, Oklahoma City, Okl. (Charles P. Ames and Ames, Daugherty, Bynum & Black, Oklahoma City, Okl., on the brief), for appellants.

Owen Vaughn, Chickasha, Okl. (Clarence McElroy, Chickasha, Okl., on the brief), for appellees.

Before PICKETT and BREITENSTEIN, Circuit Judges, and SAVAGE, District Judge.

SAVAGE, District Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Oklahoma awarding damages to appellees for a breach of contract to sell real property. The issues pertain to the alleged breach of the contract by appellants, the amount of damages for which judgment was entered, and a breach of the contract by appellees alleged in a counterclaim.

Sarah Sitlington and her husband, Thomas O. Sitlington, of Baxter, Kansas, were the joint owners of a farm situated in Grady County, Oklahoma. For some time prior to January, 1956, Jack Ledbetter had been in possession of this farm as a tenant operating a dairy business in partnership with Sarah Sitlington. On or about January 8, 1956, Mr. and Mrs. Sitlington entered into a written contract of sale of the farm to Robert and Ruby May Fulton, husband and wife.[1] The agreed consideration was $81,000. The sum of $3,000 as earnest money was to be placed in escrow with the contract of sale and the deed. An additional $17,000 was to be paid when the sale was closed, and the balance of the purchase price was to be financed by a note secured by a mortgage. The contract also provided:

"It is further agreed between the parties hereto that as soon as the title has been approved by the second party as acceptable this transaction shall be closed and the second parties shall be entitled to full and complete possession. * * *"

The title was approved on January 17, 1956. The purchaser went into partial possession of the farm on January 10, but the tenant retained possession of the improvements. The seller was unable to deliver complete possession because of the tenant's refusal to vacate the premises and the sale for that reason could not be promptly closed.

Despite the sellers' inability to close the sale, the purchaser continued in partial possession. He purchased 53 steers and placed them on the farm and 30 dairy cows which, because he did not have access to the barns, were put on leased land; he planted 33 acres of barley and arranged for the Soil Conservation Service to fill a canyon, build a pond and fell trees on the farm.

An escrow arrangement provided for in the contract was concluded on February 6, 1956. The sellers delivered to Owen Vaughn, attorney for purchaser, the contract of sale and a warranty deed properly executed. The purchasers delivered to Vaughn a check for $3,000 and a note for $61,000 with a mortgage covering the farm as security therefor. The dates on the note and mortgage were left blank with the understanding that the date of closing would be inserted. The escrow agent upon the closing of the transaction was to deliver the deed to the purchasers, the check, note and mortgage to sellers, and at the same time, purchasers were to make the additional down payment of $17,000.

The seller endeavored in good faith to perform the contract. Unable to settle her difficulties with the tenant, she brought appropriate legal proceedings to oust him. The purchaser was aware of the effort being made by the seller to remove the tenant in order that the sale could be consummated and told her, "to get Ledbetter out just as quickly as you can and I will go ahead and take over."

Finally on May 22, the tenant under compulsion of a court order vacated the premises. Promptly thereafter seller

1. Sarah Sitlington will be referred to as the Seller; Sarah and Thomas O. Sitlington will be referred to either as Appellants or Sellers; Robert Fulton will be referred to as Purchaser and Robert and Ruby May Fulton will be referred to as Appellees or Purchasers.

tendered full performance of the contract but purchaser insisted as a condition of closing the sale that he be paid $2,400 in damages occasioned by the delay. Upon sellers' refusal to accede to this demand, purchaser repudiated the contract. Sellers thereupon elected to treat the renunciation of the contract as a breach and in due course were restored to possession of the farm.

Some eight months thereafter and on February 25, 1957, the purchasers brought this action seeking specific performance and recovery of damages for breach of the contract. The sellers by counterclaim alleged that the contract had been breached by the purchasers and sought a judgment for damages resulting from such breach. The trial court denied specific performance of the contract but entered judgment for damages against the sellers for "failure to give up possession when agreed" in the sum of $7,675, itemized as follows: $2,500 for loss on steers, $3,750 for loss on dairy cattle, $1,300 soil conservation expense, and $125 barley planting expense.

The appellants complain of the judgment for damages and the denial of relief to them on their counterclaim. The appellees at the hearing on the motions for new trial abandoned their claim for specific performance.

█ The obligation of the sellers to close the sale and put the purchasers in full and complete possession of the property as soon as the title had been approved is clearly stated in the contract. It is undisputed that the title was approved on January 17, 1956. The sellers' inability to perform the contract by giving complete possession precluded the closing of the sale and constituted a breach of the contract. The purchasers thereupon had a choice of rights or remedies. They could either rescind the contract and bring an action to recover damages for its breach or they could require performance and retain a cause of action for damages suffered by the delay in performance.[2] The rights are inconsistent and the choice of one amounts to an election to surrender the other.[3]

█ In Oklahoma it is a statutory requirement that, if an injured party elects to rescind, he must do so promptly upon discovering facts which entitle him to do so, and he must restore to the other party everything of value which he received under the contract.[4] Any act by the injured party indicating an intent to continue performance is deemed a conclusive election.[5] But by the election to continue performance he does not forego his right of action to recover damages caused by the breach.[6]

The purchasers did not promptly rescind the contract. They remained in partial possession of the farm and thus failed to restore something of value which they had received under the contract. The escrow arrangement stipulated for in the contract was completed after the breach and on February 6, 1956. The purchaser encouraged the seller to resort to legal proceedings for eviction of the tenant in order that the contract could be performed. These acts are all indicia of an election upon the part of the purchaser to continue performance of the contract.

█ The trial court was apparently of the view that the purchasers had the right to rescind the contract in May be-

2. 12 Am.Jur. § 390 at p. 968; Bu-Vi-Bar Petroleum Corporation v. Krow, 10 Cir., 40 F.2d 488, 69 A.L.R. 1295; Kentucky Natural Gas Corporation v. Indiana Gas & Chemical Corporation, 7 Cir., 129 F. 2d 17, 143 A.L.R. 484, certiorari denied 317 U.S. 678, 63 S.Ct. 161, 87 L.Ed. 544.

3. Williston on Contracts, Vol. 3, § 683, at p. 1969; Bierce v. Hutchins, 205 U.S. 340, 346, 27 S.Ct. 524, 51 L.Ed. 828.

4. 15 O.S.A. § 235; Commercial Finance Company v. Patterson, 182 Okl. 411, 77 P.2d 133; Smith v. Reinauer, 178 Okl. 4, 61 P.2d 1039; Appliance Distributors v. Mercury Electric Corporation, 10 Cir., 202 F.2d 651.

5. Kentucky Natural Gas Corporation v. Indiana Gas & Chemical Corporation, supra; 12 Am.Jur. § 390 at p. 968.

6. Williston on Contracts, Vol. 5, § 1334 at p. 3749; 12 Am.Jur. § 390 at p. 968.

cause of the breach of the contract by the sellers in January. But the purchasers were bound by their election to continue performance and thereby lost their right to stop performance. Conceding a meritorious claim for damages, the purchaser did not have a right to compel payment of any specified amount as a condition of closing the sale. The refusal to close the sale until the unwarranted condition imposed should be satisfied was a breach of the contract by the purchasers.[7]

Thus, it is our conclusion that the purchasers had a right of action for damages for the delay in performance of the contract by sellers, and the sellers had a cause of action for damages for breach of the contract by the purchasers.

▆▆ We agree with appellants, however, that the trial court did not apply the proper measure of damages. The established measure of damages in Oklahoma for delay in delivering possession of real estate is the value of the use of the land during the time that possession was wrongfully withheld.[8] Special damages could not be recovered unless in contemplation of the parties at the time the contract was executed.[9] The sellers could not have foreseen that the purchaser would buy cattle or incur expenses in planting crops and making improvements on the farm before obtaining complete possession. Moreover the items of damage found by the trial court to have been sustained by the purchaser obviously resulted from his repudiation of the contract when the late performance was tendered by the sellers.

At a new trial the damages suffered by the appellees should be ascertained in conformity with the views herein stated and damages should be awarded to the appellants on their counterclaim for breach of the contract by the appellees.

Reversed and remanded.

---

7. Page on Contracts, Vol. 5, § 2904; Rest. Contracts, §§ 309, 310; Also see 12 Am. Jur. § 387 at p. 963 where it is said: "Accordingly, the refusal of one party to perform an executory contract unless the other party consents to a modification amounts to a total breach of the agreement. Similarly, refusal to accept title tendered in accordance with the terms of sale constitutes a breach by the purchaser of land of his contract to purchase. * * *"

8. Nikkel v. Conaway, 27 Okl. 405, 112 P. 981; Craggs v. Earls, 8 Okl. 462, 58 P. 637; Johnston v. Johnson, 104 Okl. 131, 230 P. 700; 6 Okl.Law Rev. 342 at p. 343.

9. Biendorf v. Thorpe, 126 Okl. 157, 259 P. 242, 55 A.L.R. 1014; Creach v. Home Owners Loan Corporation, 191 Okl. 484, 131 P.2d 108.