No. 9657.

### SCHREIBER v. BUTLER.

CONTRACT.—*Sale of Personal Property.*—*Performance.*—*Title.*—*Demand.*—*Tender.*—*Pleading.*—S. contracted in writing to purchase of B. thirty cars of ice, at $3.50 per ton, to be shipped as required during the season of 1880. In a suit on the contract by B., against S., it was averred that the plaintiff was ready and willing to comply therewith, and so informed defendant, yet the defendant refused to order the shipment of twenty car loads of the ice, the shipping season for 1880 had expired, etc.

*Held*, on demurrer, that the complaint sufficiently showed that the contract had matured.

*Held*, also, that it was not necessary to aver non-payment of the damages claimed for the breach of the contract.

*Held*, also, that a tender of performance by the plaintiff need not be alleged, nor a demand of performance upon the defendant.

*Held*, also, that the contract was not void for uncertainty, and that the quantity, a " car load," could be made certain by averment and proof.

*Held*, also, that, by the terms of the contract, it was the duty of the defendant to designate the times of shipment, and he was bound to order the whole thirty car loads during the season.

SAME.—*Answer.*—*Counter-Claim.*—*Damages.*—A counter-claim in such case for damages in consequence of loss by careless packing of the ten car loads shipped, which did not allege payment therefor, was bad on demurrer.

SAME.—*Future Delivery.*—An answer in such case, that it was agreed orally that the ice purchased was ice then owned by the plaintiff at M., was bad on demurrer, such oral stipulation being inconsistent with the written contract, which could be performed by the shipment of ice not so owned by the plaintiff, but afterwards purchased.

SAME.—In such case the quality of the ice must be determined at the place of shipment.

PRACTICE.—*Interrogatories.*—Where interrogatories, which are irrelevant, are stricken out, or are fully answered in the answers to others, there is no available error.

SAME.—*Instructions.*—*Evidence.*—Where the evidence is not in the record, the Supreme Court will not reverse for failure to give instructions prayed.

SAME.—*Supreme Court.*—Where the evidence is not in the record, an instruction given, which might be proper under a possible state of the evidence, will not be deemed error.

From the Bartholomew Circuit Court.

*F. T. Hord* and *W. B. Hord,* for appellant.

*J. C. Orr* and *J. N. Wheatley,* for appellee.

BLACK, C.—The appellee brought his action against the appellant. A demurrer to the complaint for want of sufficient facts was overruled. Appellant answered in ten paragraphs, the first of which was the general denial. Demurrers to the second and fourth paragraphs were sustained. There was a reply in five paragraphs, the first being the general denial. Demurrers to the other paragraphs were filed. Some of these demurrers were sustained, and others were overruled, but no question in relation to these rulings is discussed by counsel. Trial by jury; verdict for appellee, for $320; motion for a new trial, made by appellant, overruled; judgment on the verdict.

The first assignment of error questions the ruling upon the demurrer to the complaint.

The complaint, filed on the 8th of November, 1880, alleged that on the 9th of March, 1880, the appellant and the appellee entered into a contract in writing, executed in duplicate, one copy being signed by each party and delivered to the other, as follows:

"MARCH 9th, 1880, COLUMBUS, IND.

"W. P. Butler, of R. I., Ills., sold to August Schreiber, of Columbus, Indiana, thirty cars of ice, to be shipped as required, during the season of 1880, for the price of three dollars and fifty cents per ton, packed in good order in cars, at Milan,

Ills., payment to be made by sight draft, with bill of lading attached."

The copy so executed by appellant was filed with the complaint as an exhibit.

It was alleged that the appellee had, at all times, been willing and ready to comply with his part of said contract, and to ship to appellant all of said ice so bought and contracted for by appellant, in accordance with the terms of the contract, and so fully advised and notified appellant; but he, after ordering and receiving ten cars of ice on said contract, wilfully and wholly failed and refused to so order and receive said remaining twenty cars of ice, in accordance with said contract; that the season of 1880 for shipping ice had expired, and appellee still had on hands said twenty cars of ice, which appellant had so failed and refused to order and take; that, on account of the failure and refusal of appellant to comply with his said contract as aforesaid, appellee was unable to sell or dispose of said ice, and prevented from selling or disposing of the same, during the season of 1880, although he made special efforts so to dispose of the same immediately after ascertaining that appellant had so refused to comply with his said contract; that, in consequence of appellant's said failure and refusal, appellee had lost the use of his money, which he would have realized thereon, had lost the shrinkage, waste and exhaustion of said ice from one year to the next, which had resulted in a total loss of 260 tons of ice; had lost the profits of said sale of said ice to the amount of 260 tons, which appellant refused to take; had lost the cost of packing said ice to the amount of 260 tons; had lost the difference in value between first-year ice and second-year ice, and would be unable to sell the same as second-year ice at any price, which was a total loss to appellee of 260 tons of said ice; that he had lost thereby his storage room for storing the coming year's ice therein; and that, on account of all and singular the aforesaid specifications, the appellee was damaged in the sum of $1,000, for which sum judgment was demanded.

A number of objections are urged by counsel against the complaint. It is said, as the first objection, that it does not aver facts showing that appellee's right of action had matured, or the time when it matured.

The action was for the recovery of damages for the appellant's failure and refusal to order and take a portion of the ice in accordance with the contract. Such failure and refusal, and the expiration of the period within which he was to do what he so failed and refused to do, were alleged. A breach of the contract being shown, the right of action was shown to have accrued. If greater particularity or definiteness was desired, appellant should have indicated his wish by motion. This objection to the complaint does not seem to be well taken.

It is next objected that it was not averred that the money claimed was unpaid. Where, in an action on a contract, the breach complained of is the non-payment of money, as in an action on a promissory note, the fact that the money is unpaid should be shown by the pleading; and it has been held that where, as in an action on an attachment bond, the breach of which it is meant to complain, consists in a failure to perform a promise to pay unliquidated damages, the complaint should show that the damages are unpaid. See review of cases in *Kent* v. *Cantrall*, 44 Ind. 452. But where, as here, the breach alleged is not a failure to pay, but is a failure to do something else, it is not necessary to allege non-payment of the damages which it is sought to recover because of such breach.

It is next said, by way of objection to the complaint, that it does not aver that the appellee made a tender of performance before commencing this action, or demanded performance of appellant and required him to take the ice. The contract did not provide that the ice was to be *taken* as required, but provided that it was " to be shipped as required, during the season of 1880." Appellant bound himself to take the ice, and, as we think, also agreed to order it or to indicate the times of shipment during the season. He seems to have so construed the contract himself; for in one of his answers he al-

leged, that the appellee, by the contract in suit, agreed, " that he would ship said ice as the same was required by this defendant." Appellee, in the complaint, averred his readiness and willingness, at all times, to perform the contract on his part, and alleged that he so fully advised and notified the appellant, but that he, after ordering and receiving a portion of the ice on the contract, " wilfully and wholly failed and refused to so order and receive the remainder," and that the season of 1880 for shipping ice had expired; and the refusal of the appellant to comply with the contract is afterward several times mentioned.

Under the circumstances of this case, no tender of the goods was necessary, and if, in view of the terms of the contract and the refusal alleged, it was necessary for the appellee, besides being ready and willing, to also notify the appellant thereof, such notice was alleged.

Again, it is objected that the contract was too unintelligible, uncertain and indefinite for an action to be maintained thereon, and that the complaint did not and could not render it certain and definite by its averments. For specific objection, it is said that a car load of ice is an uncertain quantity, and that the uncertainty was not and could not be aided by the pleading. It is also said, under this head, that the complaint should have shown when the breach occurred, and should have stated the market price at the time of the breach. By the contract, the appellant was bound to order thirty cars of ice during the season of 1880, at $3.50 per ton. The complaint alleged that, after ordering and receiving ten cars of ice, appellant failed and refused to order and receive the remaining twenty cars, and that the season of 1880 for shipping ice had expired; and it was alleged, in different forms, in stating how appellee had been injured, that appellant had refused to take 260 tons of ice, which appellee had been unable to sell at any price, and had lost that quantity of ice, to his damage in a certain sum.

Without pausing to determine whether any of the damages

alleged were too remote, a question not discussed by counsel, we think it was competent to thus allege the quantity of ice refused and lost, as measured by the fixed unit adopted in the contract as a standard for the calculation of the price, and the whole amount of pecuniary injury. A cause of action was alleged, and if any of the allegations were supposed by appellant to be not sufficiently specific, his proper mode of objection was not by demurrer.

It is claimed, again, that the contract was insufficient, uncertain and void, and that the complaint was, therefore, bad, for the reason that appellee sold to appellant thirty cars of ice to be shipped as required during the ice season of 1880, but by the terms of the contract it was not stated who was to require the shipment. If the contract be capable of a construction which will uphold it, such construction should be adopted rather than one which will defeat it. It was capable of a construction which would uphold it, and the complaint was based upon such a construction.

Lastly, it was objected that the provision of the contract that the ice was to be shipped as required was an option clause, or a promise of the appellant that he would take the ice if it were needed by him, and only as it was needed, and that there should, therefore, have been an averment in the complaint that the ice was needed by the appellant in his business.

The contract stated that the appellee " sold to August Schreiber, of Columbus, Indiana, thirty cars of ice, to be shipped as required during the season of 1880." Appellant might designate the time or times of shipment, and this was the extent of the option reserved by him. He was bound to order and receive thirty cars of ice at some time or times during the season.

We have discussed, at as great length as seems proper, all the objections urged against the complaint, and it appears that there was no error in overruling the demurrer thereto.

Sustaining the demurrer to the second paragraph of answer is next assigned as error.

This paragraph was pleaded by way of counter-claim. By it the appellant sought to recover damages of the appellee because of the negligent manner in which the ice ordered and received by the appellant, under the contract set forth by the complaint, being ten car loads, was packed in the cars, whereby said ice was greatly injured, melted and wasted before its arrival at Columbus.

This not being an action to recover the price of said ten car loads delivered under the contract, but an action for damages for refusing to order and receive the remaining twenty car loads, it was a sufficient reason for sustaining the demurrer to this counter-claim, that it did not allege that appellant had paid anything for the ice shipped to him. The pleading did not show that appellant had been damaged.

The appellant also assigns as error the ruling sustaining the demurrer to the fourth paragraph of answer.

The fourth paragraph was as follows:

"The defendant, for further answer herein, says, that the plaintiff is a citizen and resident of the State of Illinois, and the defendant is a citizen and resident of the State of Indiana. On the 9th day of March, 1880, the plaintiff undertook to sell to defendant thirty cars of ice, which he then and there represented to defendant was on hand and in his possession, stored at Milan, in the State of Illinois, and, to induce him to buy the same, falsely and fraudulently represented to the defendant that the ice he proposed to sell was his own property, stored by him at Milan, in the State of Illinois; and said ice then owned by the plaintiff, and stored at said Milan, was the ice he would sell and ship to the defendant; and relying on said representations, and believing them to be true, the defendant did then and there purchase thirty cars of plaintiff's said ice stored at said Milan, and none other or different ice; and defendant avers that the said plaintiff did not own, at said time, any ice stored at Milan, in the State of Illinois, and could not deliver the same on the cars at said place. Wherefore defendant demands judgment."

It is well settled, that where a pleading sets up a contract, and does not allege that it was in writing, it will be taken to have been oral. It must be presumed that the negotiations, representations and purchase alleged in this paragraph of answer were oral. The contract in suit was a written contract. It was very different in its provisions from that mentioned in the answer. The written contract was not a contract for the sale of ice then owned by the appellee, stored at Milan, or any specific ice. It was an executory contract, no property passing thereby at the time to the appellant, and it might be performed by the appellee by the shipment of ice not owned by him at its date. *Shipp* v. *Bowen*, 25 Ind. 44; *Lester* v. *East*, 49 Ind. 588. The representations alleged in the fourth paragraph of answer were said to have been made of a certain number of cars of ice. It was not alleged that appellee represented that he had any more or any other ice than said thirty cars of ice, and it was alleged that appellant purchased thirty cars of "said" ice, that is, that he purchased specific property, the consideration not being stated. In this paragraph no mention is made of the written contract in suit. The purchase spoken of in the answer is not said to have been the contract in suit. If it was intended merely to vary the terms of the written contract, by showing parol negotiations of the same date, of course the written contract could not be so affected. If, as is likely, it was intended to impeach the validity of the written contract because of fraudulent representations, then, if the allegations were sufficient to show that the purchase stated in the answer was induced by deceit, it was not shown that the representations set forth induced the making of the contract in suit. It could be no defence to the action on the written contract to show that another oral transaction between the same parties, on the same day, was void for fraud.

Appellant filed with his answer certain interrogatories, to be answered under oath by the appellee. The court, on motion of the appellee, struck out some of these interrogatories. This ruling is assigned as error. The overruling of the motion

for a new trial, in which the action of the court in striking out said interrogatories was stated as a cause, is also assigned as error.

We have carefully examined the interrogatories struck out in connection with the other interrogatories and the appellee's answers thereto and the pleadings, and we think that the interrogatories struck out were so wanting in relevancy, or were so. fully replied to by the answers to the other interrogatories, that it does not sufficiently appear that this action of the court worked any injury, or would justify a reversal of the judgment. No sufficiently useful purpose would be subserved by lengthening this opinion with the portions of the record so examined in arriving at this conclusion.

Another cause stated in the motion for a new trial was the refusal of the court to give to the jury certain instructions asked by the appellant. The evidence is not in the record, and, by the settled practice of this court, a judgment can not be reversed for such a cause in the absence of the evidence. *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325; *Shafer* v. *Stinson*, 76 Ind. 374.

The giving of the tenth and twenty-seventh instructions to the jury was stated as a cause for a new trial.

By the tenth instruction, the court told the jury that if they found from the evidence that the appellee had ice on hand, ready for delivery, they should ascertain from the evidence whether it was merchantable ice, and, in determining whether it was merchantable ice, they should confine their enquiry to the condition of the article at its place of shipment, and for this purpose they should consider the condition of ice received at Columbus only as it might indicate its condition at the place of shipment.

The enquiry as to the merchantable character of the ice on hand, ready for delivery, would seem to be an enquiry as to its condition at the place where it was on hand and ready for delivery. We can not see how this instruction could have injured the appellant.

The twenty-seventh instruction reads as follows:

" If you find from the evidence, that any part of the ice shipped to the defendant was shipped from a place called Moline, instead of Milan, this fact will not be a sufficient breach of the contract in suit to justify the defendant in refusing to take more ice on the contract, unless the evidence further shows that he was damaged by reason of this fact."

Where, as here, the evidence is not in the record, a judgment will not be reversed because of the giving of an instruction to the jury, unless such instruction would be erroneous under any evidence admissible on the trial. Looking to the terms of the contract, it is impossible to see that the mere fact that, without any damage to the appellant, some of the ice which had been shipped to him had been shipped from a place called Moline, was a substantial reason for refusing to take the remainder of the ice on the contract.

All the questions discussed by counsel have been mentioned, and we find no ground for reversing the judgment.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.