JAMES ELGAR, INCORPORATED, *vs.* CHARLES A. NEWHALL.

Suffolk.   March 1, 1920. — March 31, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract*, Building contract. *Waiver. Practice, Civil*, Requests and rulings, Finding by trial judge.

Where an action by a building contractor upon a contract in writing for the construction of a building for the defendant was heard by a judge without a jury upon an auditor's report and evidence both oral and documentary and the judge found that a requirement of the contract, that final payment should be made only upon certificate of the architect, was waived by the parties and found for the plaintiff, refusing to grant rulings, asked for by the defendant, that on all the evidence he should find for the defendant, that there was no evidence of any waiver of the contract by either party, and that the plaintiff, having failed to furnish an architect's certificate that the contract had been completed, could

not recover, exceptions by the defendant which do not include a report of all the evidence must be overruled.

At the hearing of the action above described, the defendant contended that certain mahogany furnished by the plaintiff did not satisfy the requirements of samples furnished by the plaintiff, and the judge so found; but he also found that the defects in the mahogany were remedied to the satisfaction of the defendant, and refused to grant a request by the defendant for a ruling that, because the mahogany was not in accordance with the sample, the plaintiff could not recover, and the defendant alleged exceptions. *Held*, that, in the absence of a report of all the evidence, the exceptions must be overruled.

At the hearing of the action above described, the defendant asked for a ruling that, the plaintiff having admitted that he did not furnish material according to sample, the burden was on him to show that the defendant had not been damaged. The judge stated that he adopted the ruling requested in the sense that the burden was on the plaintiff to show that he substantially completed the contract. *Held*, that the manner in which the request was dealt with was correct.

At the hearing of the action above described, it appeared that there was a delay in the completion of the contract beyond the time permitted by its provisions, and the judge found that it did not appear that the delay was due to any failure on the plaintiff's part to figure the size and "determination" of material from the plan and specifications, and refused to give a ruling, asked for by the defendant, that the defendant was "not liable for any delays occasioned by the plaintiff in its factory, as the size and determination of all material could have been figured from the plan and specifications." *Held*, that the refusal of the ruling was proper.

A judge hearing an action without a jury is not required to grant a request for a finding of fact.

At the hearing of the case above described, it appeared that specifications, which were a part of the contract, required that the building should be ready for occupancy by October 1; that the contract required that, if the plaintiff was delayed by conduct of the defendant, of his architect, or of any other contractor employed by the defendant on the work, the time for completion should be extended accordingly but not unless the plaintiff should make claim to the architect therefor within forty-eight hours after the delay; that the defendant should furnish all labor and material essential to the conduct of the work not included in the contract with the plaintiff and that, in the event of failure by him so to do resulting in loss to the plaintiff, he would reimburse the plaintiff for such loss. The judge found that the provision of the contract relating to the presentation by the plaintiff to the architect of a claim for an extension of time was waived by the parties, and that the defendant did not so furnish all labor and materials essential to the conduct of the plaintiff's work as not to delay its progress, and assessed damages therefor. The defendant asked for a ruling that, "The contract being silent as to the length of time in which the work covered by the contract was to be completed, the plaintiff cannot recover damages on account of delay caused by other contractors." The request was refused, and the defendant excepted. *Held*, that the exception to the refusal to rule as requested must be overruled.

CONTRACT, with a declaration in three counts, the first and the third counts setting forth breaches by the defendant of a contract

in writing whereby the plaintiff agreed to construct for the defendant an apartment building at the corner of Beacon Street and Hawes Street in Brookline; and the second count being upon an account annexed relating to the construction of the same building. Writ dated April 10, 1916.

The action was referred to an auditor and afterwards was heard by *McLaughlin,* J., without a jury, upon the auditor's report and other evidence, oral and documentary. Material evidence is described in the opinion.

At the close of the evidence, the defendant presented the following, entitled "Requests for Findings of Fact":

"1. The contract being silent as to the length of time in which the work covered by the contract was to be completed, the plaintiff cannot recover damages on account of delay caused by other contractors.

"2. That no certificate was granted by the architect as provided by the terms of the contract.

"3. The evidence does not warrant a finding that there was any waiver of the requirement of the contract that the certificate of the architect should be furnished.

"4. The defendant [plaintiff] was bound to determine for itself the measurements and requirements for the material to finish said building from the contract and specifications.

"5. The defendant [plaintiff] having furnished samples of the mahogany to be used in the work was bound to furnish the material corresponding to samples."

The defendant also presented the following, entitled "Requests for Rulings of Law":

"1. On all the evidence, the plaintiff cannot recover.

"2. There is no sufficient evidence of any waiver of the contract by either party thereto.

"3. The plaintiff having failed to furnish an architect's certificate that the contract had been completed cannot recover.

"4. The plaintiff having sold the material by sample, and not having furnished material in accordance with the sample, cannot recover.

"5. The plaintiff having admitted that he [it] did not furnish material according to sample, the burden is on the plaintiff to show that the defendant has not been damaged.

"6. The defendant is not liable for any delays occasioned by the plaintiff in its factory, as the size and determination of all material could have been figured from the plans and specifications."

The disposition made of these requests by the judge is described in the opinion.

The judge found for the plaintiff in the sum of $5,824.86; and the defendant alleged exceptions.

The case was submitted on briefs.

*S. M. Child,* for the defendant.

*V. C. Loring,* for the plaintiff.

CROSBY, J. This is an action to recover a balance of $4,025 for the furnishing of all materials and labor used in the construction of an apartment house, in accordance with certain drawings and specifications which are a part of the written contract. The declaration also contains a count for damages because of delay and additional expense alleged to have been incurred by the defendant. No question of pleadings is raised. The case was heard by a judge of the Superior Court on an auditor's report and on oral testimony and exhibits introduced at the trial. All of the testimony before that court is not reported.

The specifications provide that the building should be completed by October 1, 1915. The cost for the entire work was $35,000, subject to additions and deductions provided for in the contract, and such sum was to be paid only upon certificates of the architect (Article 9). It also was provided (in Article 10) that no certificate given nor payment made except the final certificate or final payment should be conclusive evidence of the performance of the contract. The auditor and the judge found that no final certificate had been issued by the architect; for that reason the defendant contends that the action cannot be maintained. The judge found for the plaintiff and the case is before us on his refusal to make certain rulings of law and findings of fact requested by the defendant.

He ruled that the plaintiff could not recover upon the contract as originally made for the reason that he never obtained a final certificate of the architect as provided in articles 9 and 10. He found, however, that this provision of the contract was waived, and accordingly ruled that the inability of the plaintiff to procure the final certificate was not a bar to recovery. The ruling was

correct.  *Bowen* v. *Kimbell,* 203 Mass. 364.  *Handy* v. *Bliss,* 204 Mass. 513.  *Gilman & Son, Inc.* v. *Turner Tanning Machinery Co.* 232 Mass. 573, 575.  In view of the finding so made the defendant's first, second and third requests were rightly refused.

The fourth and fifth requests relate to the duty of the plaintiff under the contract to furnish certain mahogany trimming, samples of which were delivered to the defendant.  There was a finding that the mahogany so furnished was not in accordance with the samples, but it was also found that the defects therein were remedied to the satisfaction of the defendant; in view of the latter finding the fourth request could not properly have been made.  The judge stated that he adopted the fifth in the sense that the burden was on the plaintiff to show that he substantially completed his contract; the manner in which this request was dealt with was correct and the exception must be overruled.  It was found that it did not appear that the delay in the completion of the contract was due to any failure on the plaintiff's part to figure the size and "determination" of material from the plans and specifications; accordingly the sixth request was properly refused.

The defendant also presented certain requests entitled "Requests for Findings of Fact."  The trial judge was not required to make findings of fact at the request of either party.  Some of these requests were in fact requests for rulings of law and as such were so considered by the court.  The first related to the finding by the auditor in favor of the plaintiff of substantial damages because of delay on the part of other contractors, which retarded the progress of the work of the plaintiff.  While the specifications which are deemed a part of the contract provide that the building should be ready for occupation by October 1, 1915, it is also stipulated in Article 7 in substance that if the contractor should be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, architect, or of any other contractor employed by the owner on the work, the time fixed for the completion should be extended for a period equivalent to the time lost by reason of such cause; and no such allowance should be made unless a claim was made to the architect within forty-eight hours of the occurrence of the delay.  Article 8 provides in substance that the owner agrees to provide all labor

and materials essential to the conduct of the work not included in the contract of the plaintiff, in such manner as not to delay its progress, and in the event of failure so to do, thereby causing loss to the contractor, agrees to reimburse the latter for such loss. The judge found on the auditor's report and on all the evidence that the provisions of Article 7, relating to presenting to the architect claims for an extension of the time and that he shall determine and fix such extension, were waived by the parties; and also, that the defendant did not provide the labor and materials essential to the conduct of the plaintiff's work in such manner as not to delay its progress, and that the consequent loss to the plaintiff amounted to $2,500.

The requests entitled "Requests for Findings of Fact" are considered by us so far as they present questions of law. The first is in fact a request for a ruling of law, and in view of the findings of fact was rightly refused. The second, although a request for a finding of fact, was adopted by the court. The third was properly refused, as all the evidence on the question of the waiver of the requirement that a certificate of the architect should be furnished, is not before us. The fourth and fifth were requests for rulings of law and were made by the judge. As no error of law appears in the manner in which the requests were dealt with, the entry must be

*Exceptions overruled.*