## HANGING ROCK IRON CO. v. P. H. & F. M. ROOTS CO.

## UNION FURNACE CO. v. SAME.

(Circuit Court of Appeals, Seventh Circuit. October 30, 1925. Rehearing Denied December 9, 1925.)

### Nos. 3552, 3553.

1. Contracts ⬅313(1)—Breach, not persisted in, accepted, or relied on, inconsequential.

Breach of contract, not persisted in, accepted, or relied on by opposite party, is of no consequence.

2. Sales ⬅182(1)—When breach of contract occurred, and whose it was, held fact questions for jury.

When breach of contract by failure to specify place of delivery or failure to make deliveries occurred, and whose it was, held fact questions for jury.

3. Appeal and error ⬅1064(1)—Instruction as to when breach of contract occurred held reversible error.

Instruction that sellers' breach of contracts providing for substantially equal monthly deliveries occurred at end of each month held reversible error, as extremely harmful to sellers, in view of state of market at such time and thereafter.

In Error to the District Court of the United States for the District of Indiana.

Actions by the Hanging Rock Iron Company and by the Union Furnace Company, respectively, against the P. H. & F. M. Roots Company. Judgments for defendant, and plaintiffs bring error. Reversed and remanded.

Moses B. Lairy, of Indianapolis, Ind., for plaintiffs in error.

Harvey J. Elam, of Indianapolis, Ind., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. In these cases there was a provision in each contract for substantially equal monthly deliveries of iron, and that the contract should be treated as separate for each installment. The price fixed was f. o. b. cars seller's furnace. There was no provision as to place of delivery, but there was evidence that defendant had two places to which it had theretofore had iron, purchased from one or both of plaintiffs, shipped, and there was some evidence that it had been the practice for defendant to specify the place of delivery. No place of delivery was thereafter given, and no deliveries on the contracts were made, save of a single carload on one of the contracts, ordered delivered and paid at contract price about March 23, 1922, when market price was about half of contract price.

[1] The evidence, which is substantially if not wholly without contradiction, is that until April 27, 1921, all parties treated the contracts, except as to times of delivery, as subsisting, valid, and binding. It needs no authority to support the proposition that a breach, not persisted in, and not accepted or relied upon by the opposite party, is of no consequence. Such was the substance of the requests for instructions made by plaintiffs, and it was error to refuse them.

[2, 3] The court instructed the jury, "The breach occurred at the end of each of these months" (meaning July to December, 1920, inclusive). This was likewise error, because, under the circumstances, it was a question of fact as to when a breach, that was relied on, occurred, and whose it was, and extremely harmful to plaintiffs, in view of the state of the market then and thereafter.

The judgment in each case is reversed, and the cause remanded.