## KEYSTONE STEEL & WIRE CO. v. PIERCE OIL CORPORATION.

(Circuit Court of Appeals, Seventh Circuit. January 20, 1927. Rehearing Denied March, 1927.)

No. 3734.

1. Contracts ⬳10(1)—Provision that neither party should be liable for failure caused by things beyond its control held not to destroy mutuality.

Provision in contract that neither party should be liable in damages through any failure caused by certain acts beyond the control of party so failing *held* not to destroy its mutuality.

2. Contracts ⬳323(1)—Failure to submit to jury case involving breach of contract, with numerous questions determinable only from testimony of witnesses, held erroneous.

Where numerous questions raised in action for breach of contract could only be determined from testimony of witnesses, and evidence was admitted thereon, failure of court to submit case to jury under proper instructions as to construction of contract, letters, and telegrams *held* erroneous.

3. Contracts ⬳176(6)—Generally court must construe contract and correspondence.

Generally the construction of contract and correspondence is for court.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Action by the Pierce Oil Corporation against the Keystone Steel & Wire Company. Judgment for plaintiff, and defendant brings error. Reversed.

Chester Barnett, of Peoria, Ill., for plaintiff in error.

Henry M. Wolf, of Chicago, Ill., for defendant in error.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Defendant in error, called plaintiff, recovered a judgment against plaintiff in error, called defendant, for failure to take fuel oil under a written contract. The trial was to a jury, but the court instructed for plaintiff in the sum of $123,324.25 damages, and $28,039.23 interest at the rate of 5 per cent. per annum from date of breach, found by the court to be April 29, 1921. The facts will sufficiently appear in the consideration of the questions raised.

[1] It is urged that the following provision of section 10 of the contract destroyed its mutuality: "Neither party hereto shall be liable for damages to the other for any failure on its part caused by fire, strikes or acts of strikers, riots, insurrections, war conditions, action of civil or military authorities, delay or interruptions in railroad or other transportation, delay or failure in crude oil supply or operation of refineries, unavoidable accidents, or any other cause beyond the control of the party so failing." To say more than that we do not agree with that contention will serve no good purpose.

[2] It is contended that the court erred in not submitting the case to the jury. The declaration contained four counts, all based upon the written contract, except count 2, which does not mention a written contract, but sets out the same terms and conditions. Defendant pleaded the general issue. In addition to the written contract in evidence, what was done under the contract was shown by letters and telegrams between the parties; but numerous other questions raised could only be determined from the testimony of witnesses, much of which related to the question as to whether plaintiff was able to perform the contract, although defendant ultimately admitted satisfaction on that point. The contract provided:

"Section 6. The price herein fixed is based upon the present posted market price of Prairie Oil & Gas Company for Midcontinent crude petroleum, which is now $3.50 per barrel, and it is hereby mutually agreed that for each increase or decrease in such posted market price of five cents (5c.) or more per barrel, the selling price of the oil covered by this contract shall be increased or decreased sixty (60%) per cent. of such increase or decrease in such posted market price of crude petroleum."

Evidence to show the posted price by the Prairie Oil & Gas Company was necessary, although the posted price was finally stipulated. The number of barrels of oil ordered, the number shipped, the market price, and the contract price, adjusted pursuant to section 6, were stipulated. In February, 1921, three cars shipped to Peoria were refused by defendant. The market price at the time of rejection seems to have been different from the price at which plaintiff later sold those cars, and there was a long controversy over the introduction of oral testimony to show the right to sell and justification for the sale at the price obtained. The evidence was admitted, and was before the jury when the court instructed for the plaintiff.

[3] Reliance is placed by defendant upon Hanging Rock Iron Co. v. Roots Co., 10 F. (2d) 154, decided by this court in 1925. That case was not taken from the jury, and we

held the instructions bad because we found that under the circumstances there shown the question as to when the breach occurred was for the jury and not for the court. Plaintiff contends for the rule that the meaning and effect of all writings are to be determined by the court, citing Kalamazoo Co. v. Gerber (C. C. A.) 4 F.(2d) 235, and Kutztown Foundry Co. v. Sloss-Sheffield Co. (C. C. A.) 279 F. 627. In the Kutztown Case, it is said: "The construction of the contract and correspondence was for the court. Foster v. Berg & Co., 104 Pa. 324; Sea Insurance Co., etc., v. Johnston [C. C. A.] 105 F. 286, 44 C. C. A. 477; Goddard v. Foster, 84 U. S. (17 Wall.) 123, 21 L. Ed. 589." That is a correct statement of the general rule, but there are exceptions. Great Northern Ry. Co. v. Merchant's Elevator Co., 259 U. S. 285, 292, 42 S. Ct. 477, 66 L. Ed. 943; Burrows & Kenyon v. Warren (C. C. A.) 9 F.(2d) 2, 4; General Motors Corp. v. Abell (C. C. A.) 292 F. 922, 926; Goddard v. Foster, 84 U. S. (17 Wall.) 123, 21 L. Ed. 589; Turner v. Osgood Art Co., 223 Ill. 629, 635, 79 N. E. 306. The discussion by Chief Justice Marshall in Etting v. U. S. Bank, 11 Wheat. *59, *75, *76, 6 L. Ed. 419, is quite full on this question.

Without analyzing the evidence further, we are of opinion that this case should have been submitted to the jury, under proper instructions as to the court's construction of the contract, letters, telegrams, and witness testimony. For defendant's infraction of the rules of this court (rule 10) in preparing the transcript of the record, it is deprived of costs on appeal.

The judgment is reversed.