## HANGING ROCK IRON CO. v. P. H. & F. M. ROOTS CO.

## UNION FURNACE CO. v. SAME.

### Nos. 4499, 4500.

Circuit Court of Appeals, Seventh Circuit. July 8, 1931.

Rehearing Denied Oct. 1, 1931.

Raymond L. Walker and George M. Barnard, both of Indianapolis, Ind., and Walter M. Shohl, of Cincinnati, Ohio, for appellants.

Harvey J. Elam and Howard S. Young, both of Indianapolis, Ind., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

The two appeals here under consideration involved judgments dismissing appellants' actions. In each case, a money judgment was sought because of an alleged breach of contract for the purchase of pig iron, which was never delivered because appellee refused to accept it. Identical issues were presented in both actions, and they were tried together. The court ordered, on appellants' motion, that the causes be consolidated. The actions were tried four times. At the conclusion of the first trial, the plaintiff dismissed its action. The second trial resulted in two small

judgments for appellants, from which they appealed. The judgments were reversed, and a new trial ordered. (C. C. A.) 10 F. (2d) 154. The third trial resulted in a verdict for appellee, which was set aside by the court. The fourth trial resulted in a verdict and judgment for appellee.

When the cause was before this court on previous appeal, we said: "The court instructed the jury, 'The breach occurred at the end of each of these months' (meaning July to December, 1920, inclusive). This was likewise error, because, under the circumstances, it was a question of fact as to when a breach, that was relied on, occurred, and whose it was. * * * "

This statement became the law of the case, and the District Court therefore properly submitted both questions of fact to the jury.

No sufficient reason has been advanced to cause us to change the views we thus expressed on the previous appeal respecting these two fact issues.

Two vital questions, both of fact, were presented. The time of the breach, if any, was of importance because of the changing market price of the ore. For a considerable period of time covered by appellee's alleged breach, the price of pig iron was as high as, or higher than, the price specified in the contract.

Moreover, it was, and is, the contention of appellee that the agents of appellants could have sold, and did in fact sell, all the ore manufactured during this period at a price which equaled or exceeded the contract price, and therefore appellants suffered no damages. Respecting this issue, the evidence presented a jury question. We think the jury could have found, and doubtless did find, that the ore manufactured by appellants for appellee was resold, without loss to appellants.

The judgment is affirmed.