**KENTUCKY NATURAL GAS CORPORATION v. INDIANA GAS & CHEMICAL CORPORATION (two cases).**

Nos. 7960, 7961.

Circuit Court of Appeals, Seventh Circuit.

July 6, 1942.

18

Paul Y. Davis, Ernest R. Baltzell, and Gustav H. Dongus, all of Indianapolis, Ind., for appellant.

Harry T. Ice, James A. Ross, Merle H. Miller, and Norman Brennan, all of Indianapolis, Ind. (Ross, McCord, Ice & Miller, of Indianapolis, Ind., of counsel), for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant insists that the District Court erred in (1) declaring a certain contract between the parties terminated, (2) awarding plaintiff damages for defendant's breach and (3) failing to declare that plaintiff had repudiated the agreement prior to October 7, 1938, and, was, therefore, unable to maintain the suit. Plaintiff, in a cross-appeal, asserts inadequacy of damages allowed.

Plaintiff had brought suit praying (a) a declaration that plaintiff had effectuated annulment of the contract on December 7, 1938; (b) that if the court should determine affirmatively, it award plaintiff judgment for balance due from defendant for gas at the rate of 35 cents per M. C. F. furnished subsequent to December 7, 1938; (c) that, in the alternative, if the agreement had not been terminated, plaintiff have judgment for the balance due for minimum quantities of gas which by the contract defendant was required to buy from plaintiff after April 1, 1939 and (d) in the further alternative, if the agreement had not been brought to an end, that it or its restrictive clauses be held void, because of a provision forbidding plaintiff to sell natural gas to persons other than defendant in the Terre Haute district, in violation of the Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

At the trial, plaintiff offered no evidence in support of cause for cancellation of the contract prior to December 31, 1940, but the court held it terminated as of the latter date and in full force and effect until then, and entered judgment against defendant for $10,294.61 for damages resulting from its breach in failing to take the minimum requirements.

Under the contract, plaintiff agreed to sell and defendant to purchase all of defendant's requirements of natural gas, for the purpose of producing manufactured gas which defendant was required to furnish under its then existing arrangements with two utility companies, defendant covenanting that it would purchase at least 500 cubic feet of natural gas for each 1000 cubic feet of manufactured gas sold to its two customers.

On October 7, 1938, plaintiff advised defendant that it had elected to terminate the contract because of alleged misrepresentations and because the agreement violated the Anti-Trust Act. Defendant thereupon sought to enjoin plaintiff from refusing to furnish gas, insisting that the agreement was in full force and effect. Shortly later plaintiff informed defendant that it would continue to furnish gas as provided in the contract but not "at the low price stated therein but at our regularly established rates now prevailing." From that time until December 31, 1940, plaintiff supplied gas, billing defendant therefor at the rate of 35 cents instead of 30 cents per unit. Defendant paid for all gas received, 30 cents per unit, and the difference of 5 cents per unit accumulated as a disputed demand upon plaintiff's part against defendant.

Until May, 1939, defendant received and paid for at least 500 feet of natural gas for each 1,000 feet of gas manufactured by it, as bargained, but after that date, until cessation of deliveries, defendant failed to take the minimum requirements by a total of 181,982 units. For defendant's failure to take these minimum amounts the court awarded damages.

Defendant claims that plaintiff can not properly recover upon the contract for the reason that it was not ready, willing and able to deliver goods upon the terms specified, relying upon the premise that readiness and willingness to perform in accord with the terms of the contract is, under elementary principles, essential to the right of recovery of one suing to recover the purchase price of goods sold. Schreiber v. Butler, 84 Ind. 576; Magic Packing Co. v. Stone-Ordean Wells Co., 158 Ind. 538, 64 N.E. 11. Inasmuch as plaintiff had repudiated the bargain in October 1938, says defendant, it could not thereafter be awarded damages for breach thereof. This is sound doctrine, generally speaking, but the question here is whether the facts are such as to relieve plaintiff of the prohibition. At all times subsequent to plaintiff's announcement that it considered the contract at an end, defendant took the position that it remained in full force and effect and insisted upon performance by plaintiff. In effect, plaintiff said to defendant, "we think we have a right to cancel our contract; we shall furnish you gas as provided therein but we shall expect you to pay more than the specified price," and defendant replied, "we shall accept the gas in accord with our agreement, which we insist remains in full force, and pay therefor at the contract price." In such situation the parties' minds did not meet in any new compact and their respective rights and obligations must be fixed in the light of these facts.

A purchaser, when the vendor refuses to perform in accord with the provisions of a contract, may acquiesce in the repudiation. He may elect, however, to treat the agreement as in full force and effect and to have his rights thereunder. Roehm v. Horst, 178 U.S. 1, at page 11, 20 S.Ct. 780, 44 L.Ed. 953. Declaration of the vendor that he repudiates, rescinds or cancels does not of itself terminate the contractual relationship; for one party can not, by himself, do away with it. By his wrongful act he merely gives to his adversary an election (Roller v. George H. Leonard & Co., 4 Cir., 229 F. 607, at page 615) under which the purchaser may waive the vendor's repudiation. Bierce v. Hutchins, 205 U.S. 340, at page 347, 27 S.Ct. 524, 51 L.Ed. 828. Waiver is usually said to be an intended abandonment or relinquishment of a known right,—the voluntary giving up of an existing right. When the term is used with reference to a breach, it includes giving up the right to treat the contract as discharged because of the breach of the adversary. Page on Contracts, Sec. 3037. Ordinarily, if the party who is not in default has induced the adversary to continue performance, or otherwise to alter his position, in reliance upon continued recognition of the existence of the contract by the party who is not in default, the latter is not permitted later to alter his position, and to claim that the contract is discharged, after the original party in default has altered his position, as by continuing performance. Page on Contracts, Sec. 3037; Elgar, Inc., v. Newhall, 235 Mass. 373, 126 N.E. 661. In other words, if the adversary acts in reliance

upon such waiver of breach and alters his position so that he will be prejudiced if the one not in default is allowed to alter his position, such conduct on the part of the party who was originally in default prevents the one not in default from retracting his waiver. Hills v. McMunn, 232 Ill. 488, 83 N.E. 963. Stated otherwise, if the vendor breaks the contract and the vendee insists upon continuing performance, the vendee can not elect to treat such breach as a discharge. Pratt v. S. Freeman & Sons, 115 Wis. 648, 92 N.W. 368.

But here we have apparently no reliance of plaintiff upon any act of defendant; plaintiff has not acted to its disadvantage upon any waiver of the breach by defendant. The narrow question arises then as to the result where the party who was originally in default has not altered his position in reliance upon the apparent intention of the party who is not in default to treat the contract as in full force and effect. The precedents are not in strict accord. In some jurisdictions it is held that in such a situation there is no waiver of the breach. Sickelsteel v. Edmonds, 158 Wis. 122, 147 N.W. 1024. But other courts have quite generally held that the declaration of the party not in default, of his intention to treat the contract as in effect, in spite of the breach of the adversary party, is a finality and that the party who has made such declaration can not alter his position even though the party who was in default has not acted in reliance thereon. Page on Contracts, Sec. 3041, and cases there cited.

 Plaintiff knew that defendant was insisting that the contract was still in existence. Even though it did not change its position in reliance upon that known position of defendant, under the proper reasoning, we think, the solemn declaration of defendant that the agreement remained in full force and effect fixed its legal position. The parties might have disagreed upon that question; but when plaintiff came to suit, it did not rely upon what it had said previously, namely, that the contract should be cancelled but relied upon it as being in full force and effect, as defendant claimed, until termination of relationship two years later. In this situation we think the court properly held the formal agreement of the parties in full force and effect, despite plaintiff's abandoned contention to the contrary, until December 31, 1940. Thus, in Roehm v. Horst,

supra [178 U.S. 1, 20 S.Ct. 784, 44 L.Ed. 953], the court said: "The promisee, if he pleases, may treat the notice of intention as inoperative, and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of nonperformance; but in that case he keeps the contract alive for the benefit of the other party as well as his own; he remains subject to all his own obligations and liabilities under it, and enables the other party, not only to complete the contract, if so advised, notwithstanding his previous repudiation of it, but also to take advantage of any supervening circumstance which would justify him in declining to complete it." See, also, Hanging Rock Iron Co. v. P. H. & F. M. Roots Co., 7 Cir., 10 F.2d 154; Roller v. George H. Leonard & Co., 4 Cir., 229 F. 607.

We think defendant is in no position to complain. It had a contract which it claimed was in full force and effect and performance of which it insisted upon. Plaintiff continued to supply that which was specified and, though it demanded an additional price, when it came to trial, it abandoned the demand and acceded to the position of defendant that the agreement remained in force. Neither plaintiff nor defendant was misled. Each knew the exact position of the other. The repudiation, to all intents and purposes, was withdrawn upon the day of the trial. Inasmuch as defendant had not prior to that time brought action for nonperformance but had insisted upon performance and had not materially changed its position in reliance on the attempted cancellation, the act of plaintiff in attempting to repudiate was "nullified." Restatement of Law of Contracts, Sec. 319. We think the court properly found that the contract remained in effect, that each was bound by it, that plaintiff was entitled to recover for gas furnished at the stipulated price of 30 cents per unit and that defendant was bound to take the minimum amounts it had agreed to take. In that situation, the court rightfully assessed damages for defendant's failure to comply with its formal bargain in the latter respect. Defendant, upon attempted repudiation by plaintiff, had the right to treat the contract as still in force and to sue for damages for nonperformance then or later, but having insisted that the agreement remained effective, it must perform its part. Hettrick Mfg. Co. v.

Waxahachie Cotton Mills, 6 Cir., 1 F.2d 913.

 Plaintiff insists that the damages recovered were inadequate for the reason that in computing them the court took into consideration improperly certain fixed overhead charges. Plaintiff's damage was properly measured by the difference between the cost of production of goods not delivered and their sales price. Hinckley v. Pittsburgh Bessemer Steel Co., 121 U.S. 264, at page 275, 7 S.Ct. 875, 30 L.Ed 967; Brunswick-Balke-Collender Co. v. Wisconsin Mat Co., 7 Cir., 24 F.2d 78 The evidence upon which the court based its conclusion is not included in the record and, inasmuch as in its findings the trial court indicated that it had taken into consideration plaintiff's cost of the gas purchased and produced, exploitation and development, transmission expense, general and administrative expenses and taxes, we must assume that the evidence was sufficient to justify the finding.

 Defendant insists that the court erred in adjudging the contract terminated as of December 31, 1940. But again we must assume that the evidence upon which the court based its conclusion in this respect, which is not in the record, justified the finding.

The judgment is affirmed.