Fay M. WHITSELL, Plaintiff-Appellant,

v.

Ernest B. ALEXANDER, A. M. Skeffington, Malcolm E. Edwards, John J. Brady, Marguerite Eberl, Glenn H. Moore, Bausch & Lomb Optical Company and American Optical Company, Defendants-Appellees.

No. 11550.

United States Court of Appeals Seventh Circuit.

Jan. 27, 1956.

Rehearing Denied Feb. 21, 1956.

John J. Yowell, Leonard Bosgraf, Harold B. Mackenzie, Chicago, Ill., for appellant Fay M. Whitsell.

Richard M. Keck, John T. Chadwell, Theodore A. Groenke, Chicago, Ill., for defendant American Optical Co., Snyder, Chadwell & Fagerburg, Chicago, Ill., of counsel.

Albert E. Jenner, Jr., Phillip W. Tone, Chicago, Ill., for defendants A. M. Skeffington and Ernest B. Alexander, Johnston, Thompson, Raymond & Mayer, Chicago, Ill., of counsel.

Joseph C. Kennedy, Austin L. Wyman, Chicago, Ill., for defendant Glenn H. Moore, Kennedy & Kennedy, Cummings & Wyman, Chicago, Ill., of counsel.

George B. Christensen, Chicago, Ill., Herbert E. Barnard, St. Louis, Mo., Edmund J. Kenny, Chicago, Ill., for defendant Bausch & Lomb Optical Co., Winston, Strawn, Black & Towner, Chicago, Ill., of counsel.

Before MAJOR, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

To plaintiff's suit seeking treble damages from the defendants for an alleged violation of the Anti-trust Act, answers were filed joining issue upon the averments of fact and asserting as an affirmative defense the Statute of Limitations of Illinois, which was then controlling. Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 191 F.2d 912, certiorari denied 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704; Schiffman Bros., Inc., v. Texas Company, 7 Cir., 196 F.2d 695; Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 213 F.2d 284. It is admitted that the federal statute recently enacted creating a four-year limitation did not become effective until January 7, 1956, and that, under it, "No cause of action barred under existing law on the effective date of this Act shall be revived by this Act." 15 U.S.C.A. § 15b.

On June 20, 1955, the court entered an order reciting that the matter had come on for hearing on the separate issue of the defense of the statute of limitations, on the pleadings and evidence, consisting of testimony and documentary evidence; that there was no genuine issue as to any material fact bearing upon the defense of the statute of limitations and that, therefore, the action was barred and dismissed it. Plaintiff appeals, claiming that, inasmuch as he made a timely request for a jury trial, the court had no right to pass upon any of the issues of fact, and that its action in so doing constitutes prejudicial error.

■ The record before us does not contain any of the evidence submitted to the trial court. It includes merely the pleadings and the order dismissing the action on the ground that it was barred. Consequently, we are in no position to review the facts upon which the trial judge relied. We must assume that the unproduced evidence supported the findings of the court, and indulge the presumption that it fully justified the finding that no genuine issue of fact was involved insofar as the affirmative defense was concerned. See, Stevenson v. Fisk, 5 Cir., 151 F.2d 1010; Kentucky Natural Gas Corp. v. Indiana Gas & Chemical Corp., 7 Cir., 129 F.2d 17, at page 21, 143 A.L.R. 484, certiorari denied 317 U.S. 678, 63 S.Ct. 161, 87 L.Ed. 544; Potter v. National Bank, 102 U.S. 163, at page 166, 26 L.Ed. 111.

Consequently, we are confronted with an appeal from an order in which the court found that no genuine issue of fact was involved. Whether the court acted upon its own motion as entering a summary judgment, or whether it treated the case as one in which, had there been a jury trial, at the conclusion of the evidence, the court would have been justified only in directing a verdict for the defendants upon the plea of the statute of limitations, seems to us immaterial. In either case, the fact remains that if and when the court determined from the evidence that there was no genuine issue of fact to go to a jury, we are compelled to presume that the evidence supports the findings; we have no right to intervene. For, in such case, where there is no genuine issue of fact, no factual issue is left for the jury and the decision is one of law for the court.

■ But plaintiff insists that his demand for a jury trial prevented the court from trying the issue of the statute of limitations under any and all circumstances. This, we think, contravenes the general rule that if there is no genuine issue of fact, there is nothing left for the jury and the court acts as a matter of law.

■ Thus, had a jury been impanelled to hear the evidence, including that upon the question of the applicability of the statute of limitations, and the court had

found at the conclusion of the evidence that there was no genuine issue of material fact as to the affirmative defense, it would have been the court's duty to direct a verdict for the defendant. As we have said in McIlvaine Patent Corp. v. Walgreen Co., 7 Cir., 138 F.2d 177, at page 179: "The District Judge should grant a directed verdict when the evidence is such that there are no controverted issues of fact upon which reasonable men could differ." See also MacKay v. Costigan, 7 Cir., 179 F.2d 125, at page 127. Neither a summary judgment nor the direction of a verdict infringes the right to a jury trial preserved by the Seventh Amendment to the Constitution where the question is one of law. Fidelity & Deposit Co. v. United States, 187 U. S. 315, at page 320, 23 S.Ct. 120, 47 L. Ed. 194; Miller v. Maryland Casualty Co., 2 Cir., 40 F.2d 463.

This is obvious where we must accept, in the absence of the evidence, the court's finding that there was no genuine issue of fact. Thus, in Ex parte Peterson, 253 U.S. 300, the Court said at page 310, 40 S.Ct. 543, at page 546, 64 L.Ed. 919: "No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined." And, in Alley v. Bessemer Gas Engine Co., 5 Cir., 262 F. 94, the court commented at page 95: "In the view we take of it, the judgment of the court may be sustained by the undisputed evidence, and the absence of a jury trial was not, therefore, prejudicial to the plaintiff in error."

■ The finding of the court that there was no genuine issue of fact cannot, in the absence of the evidence, be disputed. Along this line, in Floyd v. Ring Construction Corp., 8 Cir., 165 F. 2d 125, certiorari denied 334 U.S. 838, 68 S.Ct. 1496, 92 L.Ed. 1763, the court said at page 129 of 165 F.2d: "* * * the judgment must be affirmed provided the evidence was of such conclusive character that it would have been the duty of the court to direct a verdict for the defendant or to set aside the verdict had it been for the plaintiff." The Court of Appeals for the Eighth Circuit, in General Tire Co. v. Standard Accident Ins. Co., 65 F.2d 237, agreed saying at page 239: "* * * However, although taking the case from the jury was erroneous, nevertheless 'the verdict will be sustained if the evidence was of such a conclusive character that it would have been the duty of the court to set aside the verdict had it been for the other party.'" See also Forster v. Insurance Co. of North America, 2 Cir., 139 F.2d 875. And in Leimer v. Woods, 8 Cir., 196 F. 2d 828, the court said at pages 836–837: "* * * the wrongful denial of a jury trial is nevertheless harmless error, if 'there was no issue of fact to submit to a jury.'" Though there was a reversal, it was on other grounds. As the Court of Appeals for the Second Circuit said, in United States v. 243.22 Acres of Land, 129 F.2d 678, 684, certiorari denied Lambert v. United States, 317 U.S. 698, 63 S.Ct. 441, 87 L.Ed. 558: "* * * had there been a jury trial of those issues, the judge would have been required to direct a verdict. There is no constitutional right to have twelve men sit idle and functionless in a jury-box."

We think the cases cited by appellant are inapposite. None of them holds that where the reviewing court has before it none of the evidence submitted to the court, a finding that there was no issue of fact can be reviewed. It may be that, had the appellant produced the evidence, we might not agree with the trial court that no genuine issue of fact existed. But in the absence of evidence, the plaintiff was entitled to no jury trial on the question of law that arises upon the unassailable finding of the court, conclusively presumed to be supported by the evidence, that there was no genuine issue of fact.

The judgment is affirmed.

MAJOR, Circuit Judge (dissenting).

I find myself in a rather novel position. Generally speaking, I do not disagree with what Judge Lindley has written. My point is that the opinion hardly mentions, much less decides, the sole

issue raised on this appeal. The contested issue as stated by plaintiff is:

"The contested issue is whether or not in an anti-trust action seeking only damages, a timely jury demand having been made, the court can try without a jury the separate issue of limitations raised in the answers as affirmative defenses, the plaintiff having alleged various overt acts within the period of limitations."

The contested issue as stated by defendants is:

"The facts in this case present as an issue the question of whether the trial of the separate issue of the Statute of Limitations by the Court without a jury constitutes prejudicial or reversible error, in view of the trial court's finding that there was no genuine issue as to a material fact based on the evidence adduced by the parties (none of which appellant has included in the record on appeal), and its ruling that, as a matter of law, the action was barred by the Statute of Limitations."

The latter portion of this statement, commencing with the words, "in view," obviously is a *non sequitur*. It is, in my judgment, this *non sequitur* which Judge Lindley embraces and upon which his opinion is predicated. No decision is made as to whether plaintiff was entitled to a trial by jury upon all issues of fact raised by the pleadings, including those relevant to the plea of the statute of limitations. It is not claimed that disputed issues of fact relevant to such plea were not raised by the pleadings, and it should be kept in mind that issues of fact are made by pleadings and not by testimony, whether it be oral or documentary.

If plaintiff was entitled to a jury trial as a result of his demand for such upon the factual issues made by the pleadings as they pertained to the statute of limitations, then it is immaterial what the district court heard or decided. In other words, it is immaterial whether his decision that no material issue of fact was involved, made upon the testimony which he heard, was correct or erroneous. The point is that the court had no right to hear and decide, providing, of course, that plaintiff was entitled to a jury trial. The fact that the record of the proceedings before the court is not here is of no consequence. On the issue presented, that record would be of no value.

To my mind, the question as to whether plaintiff was entitled to a jury trial on the issues under discussion poses an important and perhaps difficult problem. In view of the fact, however, that the case is to be disposed of by the majority upon another basis, no purpose could be served by an attempt on my part to decide the issue.