*Municipal Court of the City of Boston*

No. 431561

**ZAKIA ASHEY**

v.

**BOSTON GAS COMPANY**

(Nov. 30, 1956 — Feb. 25, 1957)

*Riley, J.* This action of tort grows out of an

injury which the plaintiff alleges was received by her falling in a hole in a sidewalk in the City of Boston. It appears that the hole was the opening in the top of a gate box of the defendant corporation from which the cover was missing.

The evidence was as to the dimensions of the cover and of its style; that on prior occasions children were seen to lift the cover off the box, and one witness testified to having replaced the cover after such incidents.

There was also evidence that the box and cover were installed in 1930, and that no change or repairs have ever been made.

The trial judge found for the defendant.

In accordance with proper practice the plaintiff presented to the judge six requests for rulings, — purportedly of law. The first four were really requests for findings of fact, and the judge denied them because they were for findings of fact. Requests numbered 5 and 6 being requests for rulings of law the trial judge properly granted them.

At first blush the report would appear to present no question of law that was reportable, and apparently the trial judge quite properly could have disallowed the claim of report as not presenting any question of law.

We must, however, recognize that had the trial judge so disallowed the claim of report he could also have entertained a request to report his action to the Appellate Division. Either method was a correct method to obtain a review of his action. *Wind Innersole & Counter Co. v. Geilich,* 317 Mass. 327.

In an action at law the trial judge cannot be required to make findings of fact and need not make them unless the aggrieved party by appropriate requests for rulings has made the issue of fact a question of law. *James Elgar, Inc. v. Newhall,* 235 Mass. 373.

We believe the trial judge properly treated the first

four requests as being requests for findings of fact.

As to requests numbered 5 and 6, which the judge properly granted at the request of the plaintiff, they are not subject of legal review even if they stated bad law, which we do not intimate. *Korb v. Albany Carpet Cleaning Co.*, 301 Mass. 317.

The plaintiff's sole contention and argument is that the trial judge should not have found for the defendant on the evidence; that he should have believed the testimony which he apparently did not believe.

There being no error prejudicial to the plaintiff in the trial judge's disposition of her requests for rulings, it is ordered

*Report dismissed.*

J. Sheffield Dow, for the Plaintiff.
Philip L. Berkeley, for the Defendant.