## PUCKETT et al. v. BRITTAIN.

No. 20555. Opinion Filed Oct. 13, 1931.

Pryor & Stokes, Hugh M. Sandlin, and G. L. Bynum, for plaintiffs in error.

E. W. Smith and Lafayette Walker, for defendant in error.

HEFNER, J. This is an appeal from a judgment of the district court of Okmulgee county admitting to probate the will of James Henry Puckett, deceased. The will was executed in the year 1916 and the major portion of the estate was bequeathed to W. J. Brittain, who is a brother-in-law of testator.

The probate of the will was contested by T. C. Puckett, who is a nephew and heir at law of deceased, on the ground that it was revoked by a later will executed in the year 1923.

J. V. Long, an attorney residing in Henryetta, on behalf of contestant, over objection of proponent, testified as follows: In the month of May, 1923, he drew a will for deceased in which he revoked all prior wills. The will was drawn at the request of deceased and by him signed in the presence of Mrs. O'Dell and West Carter, who, at his request, witnessed the execution of the will. The will was then delivered to testator, who took it with him when he left the office. This evidence was objected to by petitioner on the ground that contestant had not offered that will for probate and that there was no sufficient proof of its loss. The trial court at the time reserved its ruling to the objection, but at the conclusion of the witness's evidence sustained proponent's objection and excluded the evidence.

Contestant also sought to prove by Mrs. O'Dell and West Carter, subscribing witnesses to the will, that it was executed by deceased in their presence and that they, at his request, witnessed the execution thereof, and that deceased stated to them that he had drawn a will and desired them to witness its execution. This evidence was also, upon objection of proponent, excluded. The court also excluded evidence offered by contestant that deceased had stated that he changed the 1916 will by the execution of a new will and that the new will was kept by him in his safe at his place of business. Other evidence was also offered and excluded which tended to show that the 1916 will had been revoked. In our opinion the court erred in excluding this evidence. It appears that it was excluded on the theory that such evidence was not admissible until and unless the new will was offered for probate. We do not think this theory correct.

Section 11246, C. O. S. 1921, provides:

"If, after making a will, the testator duly makes and executes a subsequent will, the destruction, canceling or revocation of the latter does not revive the former, unless it appears by the terms of such revocation that it was his intention to renew the former will, or unless after such destruction, canceling, or revocation, he republished the prior will."

Under this section of the statute, even though the will of 1923 had been canceled

or destroyed by deceased, it would not have operated to reinstate the will of 1916 unless after such cancellation or destruction deceased had republished that will. If the will of 1923 had been canceled or destroyed by deceased or by his request, it could not have been admitted to probate, but, nevertheless, under the statute, such destruction or cancellation could not have operated to renew the prior will; therefore evidence of the execution and loss thereof was admissible for the purpose of defeating probate of the 1916- will.

In the case of Williams v. Miles, 62 L. R. A. 383, the Supreme Court of Nebraska announced the following rule:

"A subsequent will which has the effect of revoking a prior will may be shown for the purpose of defeating probate of such prior will, although, by reason of its loss or destruction, the exact dispositions made therein cannot be shown and are incapable of execution. The revocation will be effectual, even though in other respects the will cannot be carried out."

In the case of Blackett v. Ziegler, 133 N. W. 901, the Supreme Court of Iowa said:

"A prior will is revoked by the execution of a subsequent will containing an express revocation clause, whether the latter instrument is probated or not."

See, also, the following authorities: Stevens v. Hope (Mich.) 17 N. W. 698; Re Bell's Estate, Starkweather v. Bell (S. D.) 83 N. W. 566; In re Noon's Will, 95 Am. St. Rep. 944, 115 Wis. 299, 91 N. W. 670.

Counsel for petitioner discuss the question of the quantum of proof necessary to establish the revocation of a former will by the execution of a subsequent alleged lost or destroyed will. It is not necessary to determine that question on this appeal, as it is the admissibility of the evidence and not the weight thereof that is now before us.

Having held the evidence admissible, it necessarily follows that the judgment must be reversed and the cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.