## BRITTAIN v. PUCKETT et al.

No. 24359.   Sept. 10, 1935.

Lafayette Walker and E. W. Smith, for plaintiff in error.

W. W. Pryor, Hugh M. Sandlin, and G. L. Bynum, for defendants in error.

PER CURIAM. This is an appeal from the district court of Okmulgee county, involving the probate of the last will and testament of James H. Puckett, deceased.

The facts are substantially as follows: The deceased, at the time of his death, had been a resident of Okmulgee county, Okla., for several years, and in said county, on or about the 29th day of July, 1916, the deceased executed a will, devising and bequeathing the major part of his estate to W. J. Brittain, the plaintiff in error. After the execution of the above-mentioned will, and sometime during the month of May, 1923, the deceased executed a subsequent will. The 1923 will was not introduced in evidence, offered for probate, or its whereabouts ex-

plained. However, its execution was shown by three witnesses. and one of the three witnesses testified that, among other things, the 1923 will contained the usual revoking clause and that the revoking clause in the 1923 will expressedly revoked the 1916 will.

When the 1916 will was originally offered for probate, it was admitted to probate, and through the proper channels appeal was taken to this court, said appeal being based upon the error of the trial court in excluding certain evidence, and the cause was remanded to the trial court with directions to retry said cause and to admit the evidence it had excluded in the former trial. Puckett v. Brittain, 152 Okla. 184, 3 P. (2d) 876.

At the subsequent trial the witnesses, whose testimony was excluded in the former trial, were absent from Okmulgee county, and the trial court on retrial permitted the introduction of the case-made in the former trial, and allowed the defendant in error to read the testimony of the witnesses in the former trial, and to read the case-made and the evidence at the former trial, as a deposition in the instant case, and thereupon denied probate of the 1916 will.

The appellant sets out in his petition in error seven assignments of error, and then in his brief he groups them under two propositions. We shall address ourselves to the two propositions in the order assigned:

(1) That the court erred in the admission of evidence on the part of the plaintiff.

(2) That the judgment of the court is not sustained by the evidence, and is contrary to law.

The material testimony objected to was the testimony of four witnesses, who had testified at a former trial in this matter, from which judgment in said former trial an appeal had been perfected to this court. Puckett v. Brittain, supra.

Section 294, O. S. 1931, provides, among other things, that:

"The deposition of any witness may be used only in the following cases:

"First. When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent therefrom. * * *"

And section 309. O. S. 1931, provides:

"When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that for some legal cause the attendance of the witness cannot be procured."

And section 3827, O. S. 1931, provides:

"The shorthand reporter in any court of record shall file his notes taken in any case with the clerk of the court in which the cause was tried. Any transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence in all cases of like force and effect, as testimony taken in the cause by deposition, and subject to the same objection; a transcript of said notes may be incorporated into any bill of exceptions or case-made. On appeal it shall be the duty of the reporter to furnish such transcript when demanded, as required by law. If any reporter ceases to be the official reporter of the court, and thereafter makes a transcript of the notes taken by him while acting as official reporter, he shall swear to the transcript as true and correct, and when so verified the transcript shall have the same force and effect as if certified while he was official reporter."

See, also, City National Bank v. Edwards, 100 Okla. 202, 229 P. 487.

Thus it will be observed that section 309, supra, allows the use of deposition at the discretion of the trial judge, and section 3827, O. S. 1931, provides the method of preserving the testimony in causes and classifies such evidence when preserved. The testimony of the witnesses to which the plaintiff in error levels his first argument falls within the purview of the sections just quoted, and leaves the introduction thereof by the reading of the testimony at a former trial purely a discretionary matter by the trial judge, and we find no abuse of that discretion.

At the trial the learned trial judge thus observed:

"This case-made shows it was filed in the Supreme Court July 16, 1929, and bears the stamp of Jessie. Moore, Clerk. I am hearing all of the evidence. It shows the filing mark of the Supreme Court."

Thus it will be observed that the trial judge was satisfied with the proof as to the absence of the witnesses, and the authenticity of the record introduced in evidence.

Courts take equitable cognizance of probate matters on appeal. He-to-op-pe v. Hanna, 109 Okla. 126, 234 P. 210. Hence the rules of equity apply, and the Supreme Court, on appeal, where there is conflicting evidence, will not disturb the judgment of the trial court, neither will it disturb the judgment when the evidence reasonably supports the judgment.

In cases where wills have been lost or destroyed, which, if in existence, would revoke a will offered for probate, when the subsequent will is not offered for probate, that degree of evidence is not necessary that would

424

be required if the subsequent will were offered for probate, and proof to the satisfaction of the trial court is sufficient to deny the will offered. This rule and reason is set forth in the case of Matter of Wear's Will, 116 N. Y. Supp. 304, as follows:

"The objection urged on this appeal from the decree of the surrogate refusing probate to the first will is that the proof offered and received of the execution of the second will is inadequate. The appellant contends that the proof must be of the character required by sections 2621 and 1865 of the Code of Civil Procedure, entitling a lost will to probate. The requirement of this section is that the provisions of such lost will must be established 'by at least two credible witnesses, a correct copy or draft being equivalent to one witness.' We are of the opinion that this contention cannot be sustained. It is one thing to admit to probate a will disposing of a man's estate where the will cannot be found, and quite another thing to merely establish that a second will, revoking a former will has been duly made and executed and left in the possession of the decedent. In the one case we are assuming to dispose of property in a manner different from that prescribed by law in the absence of a will while in the latter case we are merely permitting the property to descend in the manner which the law designates. In the case now under consideration the execution and delivery of the will to the decedent was proved by Mr. Eckstein who drew both the wills, and who was a subscribing witness in both of them. He would have been entirely competent to have proved the execution of the will, if it had been found, the remaining subscribing witness being dead; and he was equally competent to prove the execution and delivery of the will to the decedent. not for the purpose of establishing a lost will. but to show that the will offered for probate was not the last will and testament of the decedent, and that such an instrument was executed and left in such a custody that the presumption is that it was destroyed with the intention of revocation, with the result that the decedent died intestate. We are of the opinion that the authorities relied upon by the learned surrogate support his conclusions, and that the decree refusing probate to the will of June, 1900, was properly made."

We conclude that the only issue involved under the pleadings in the instant case was whether or not the will offered for probate was the last will and testament of James Henry Puckett. and proof of that fact comes under the preponderance of the evidence rule and not under the statutory provisions relating to lost or destroyed wills. (St. 1931, sec. 1118.)

We conclude that the evidence adduced at the former trial was properly and legally admitted in the subsequent trial of said cause on the remand, and that the evidence amply sustains the judgment, and the same is affirmed.

The Supreme Court acknowledges the aid of Attorneys T. L. Marteney, Richard L. Wheatley, and C. O. Holtzendorff in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Marteney and approved by Mr. Wheatley and Mr. Holtzendorff, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON. JJ., concur.